Parker, C. J.
Perhaps it would not be material to allege that the defendant had been cited, if by distinct averment it appeared that the sum alleged to be received was in fact received before the accounts were settled; although even in that case, as small sums may be omitted by an administrator from his account through mere mistake, it would certainly be proper to give him opportunity to rectify his mistake, before a suit should be instituted on his bond. If the omission were alleged to be fraudulent, it might be otherwise.
But the replication is defective, in not stating when the money was received ; so that it could be seen to have been before the rendering of either account. Now it would be palpably wrong to subject an administrator and his sureties to a vexatious suit, for the receipt of money after an account had been settled, without calling him before the Probate Court, where he might perhaps discharge himself by exhibiting further expenses, and thus show that a suit w'as unnecessary.
[*133] * It is true that under a videlicet, the plaintiff has stated a time for the receipt of the sums, which is prior to the settlement of either account. But it is a settled rule in pleading, that what comes under a videlicet is no averment. It is certain that, in this form of pleading, the defendant could not have traversed the time, although essential to the merits of his defence (3). He cannot therefore be bound by it. Rejecting then the days mentioned in the replication, the only averment left is that, after making the bond, and before the commencement of the action, the defendant had received fifty cents, which he had not accounted for. This may be true, and yet no breach of his bond. For if it were received after the settlement oi his accounts, he is not answerable for not accounting, until cited before the Probate Court.
The replication to the third plea is similar in form to that we have considered, and has the same defects, viz. the want of an averment that the,money was in the defendant’s hands before the settlement of his accounts, and the want of an averment of a citation.
With respect to the pleadings under the second count in the plaintiff’s declaration, the rejoinder and surrejoinder would be both bad upon special demurrer, for departure. The question that has been argued relates to the sufficiency of the replication. Had the plaintiff averred distinctly any fraudulent management in the sale of the land, his replication would have been good. But although he has *113 alleged a fraudulent intent, yet in specifying wherein the fraud consisted, he has adduced facts, which are not in themselves unlawful or fraudulent.
The defendant was not required by law to state the conditions of sale in his advertisement; nor was it unlawful for him to exact payment immediately, in such bank notes as were in best credit. Having stated these facts as the instances of fraud in the sale, it is the same as if he had not denominated them fraudulent. It is analogous to cases of slander, for charging one with stealing * certain things, which are not the subject of larceny. [ * 134 ] Had an issue been taken on the facts averred to be fraudulent, it would have been immaterial. Those facts might, with others, have been proper in evidence, upon the trial of an issue whether the defendant had conducted himself fraudulently or nót; but there is no charge leading to such an issue in the replication, and for this cause the replication is bad.
All the issues in law are thus decided against the plaintiff.

 [The authorities cited by the counsel for the plaintiff show the law to be other wist). —1 Chitty, 644, 349—351. 5th Land,, ed. —Ed.]