Parker C. J.
delivered the opinion of the Court. The first question to be decided is, whether the paper offered as evidence of the contract declared upon, amounts in law to a warranty that the oil sold should be of any particular kind or quality. The words of the writing are, “ Sold Mr. E. T. Hastings two thousand gallons prime quality winter oil.” It is argued that the words which relate to the quality, amount to a description only of the thing sold, and not to an undertaking that it should be of the quality described. The case in Douglas, (Bree v. Holbech,) is the strongest in support of this position. In this case an administrator undertook to.sell a mortgage deed which he found among the papers of the deceased, and in his deed of assignment he declared, by way of recital, that it was a mortgage deed ; but it was in fact a forgery. It was decided that the assignee should not recover back his purchase money, because the administrator did not know it was a forgery, and was guilty of no fraud in the transaction. The case is not a very luminous one as it appears in the report. The statute of limitations was pleaded and the principal question was, whether the case was taken out of the statute by an affirmation, made before the sale, that it was a mortgage deed on which a certain sum was due, and by a recital of the same nature in the deed of assignment. There was no allegation or proof that the defendant knew the deed to be forged, so there was no fraud, and therefore there was nothing to take the case out of the statute. It also appeared there were special covenants in the deed of assignment. which circumstance is alluded to by Lord Mansfield as *234 a ground of his opinion, as tending to exclude an) con.ract 'n regard to the validity of the mortgage.
The case in 4 Johns. R. 421, decided that the mere selling an article as good, at a fair price, did not amount to a warranty ; and that without an express warranty, or fraud, the purchaser could not recover for any defect in the article. This amounts to no more than the doctrine generally received, that the selling for a sound price does not imply a warranty of the goodness of the thing sold.
There is a case, 1 Johns. R. 96, which goes to the same point. And the case in 5 Johns. R. 404, determined that a sale by sample is no warranty that the goods are sound or in good condition, but only that they are of the same kind. This is also settled in Parkinson v. Lee, 2 East, 314, and is admitted in our case of Bradford v. Manly, 13 Mass R. 139, the general doctrine of which case, viz. that a sale by sample is a warranty that the thing sold conforms in kind to the sample, appears to be recognised in England and in New York ; vid. 4 Campb. 22, 145 ; though the doctrine was by some considered as novel when established here.[1]
Admitting that the words in the written contract are a description of the thing sold ; the description is a material part of the contract, and ought to be considered a warranty, when it was so intended by the parties. In the case of Pasley v. Freeman, 3 T. R. 57, Butter J. says that Holt C. J. had held, that an affirmation at the time of a sale is a warranty, provided it appear in evidence to have been so intended.[2] Now a description of the article inserted in a bill of parcels, or in a sale note, such as is used in England¿ ought to be considered evidence that the thing sold was agreed to be such as represented. It was so held in 3 Campb. 462, *235 where a sale note of two tons of fair merchantable sassafras wood in logs, was held to be equal to a warranty that the wood sold was of merchantable quality.
In the case of Gardiner v. Gray, 4 Campb. 144, the same principle is adopted. A sale note mentioned that 12 bags of waste silk were sold at 10s. 6d. per lb., and samples were shown. The silk was delivered afterwards, but did not correspond with the samples, and was not salable under the denomination of waste silk. Lord Ellenborough held that “ it was not a sale by sample, because there was a written contract, viz. the sale note ; but that the purchaser had a right to expect a salable article answering to the description in the contract. Without any particular warranty, this is an implied term in every such contractthat is, that such a description in a sale note is sufficient evidence of a warranty. Where there is no opportunity to inspect the commodity, the maxim caveat emptor does not apply, was said in the same case by the same eminent judge. It is difficult to distinguish that case from the one before us. The sale note, as the paper signed by the defendant may be called, acknowledges a sale of oil, which he calls prime quality winter oil. The purchaser had a right to expect oil which would sell in the market as such, and it was one of the terms of the contract that he should have such ; the jury have found that the oil delivered did not answer that description ; there is therefore a breach of the contract. A different rule of decision seems to have been followed in New York, so far as the law may be considered as settled there by the case of Seixas v. Woods, 2 Caines’s R. 48, but from what fell from Mr. Justice Spencer, in the case of Sands v. Taylor, 5 Johns. R. 404, it may be doubted whether that case is considered as settling a general rule. He says, £C It has frequently been decided here, that on the sale of a-commodity, no action can be sustained for any difference in quality between the thing contracted for and the thing delivered, unless there be fraud or a warranty by which he is supposed to mean an express formal warranty ; because it was determined in the case of Seixas v. Woods, that a description in a bill of parcels was no warranty. But he says, “I am disposed to confine this rule to the case of a *236 sale where the thing sold is exhibited, and am ready to admit, that on sales by sample, there is an implied warranty that the sample, taken in the usual way, is a fair specimen of the thing sold.” The New York doctrine thus qualified would agree with that of Lord Ellenborough in the case of Gardiner v. Gray, and with the case before cited from our Reports, of Bradford v. Manly. The case of Higgins v. Livermore, 14 Mass. R. 106, went upon the same principle. An insurance upon the Swedish brig Sophia, was held to be a warranty that the vessel was Swedish.* [1]
It is said however, that the writing said to contain a warranty is executory, a mere contract to sell, and that the actual sale was when the oil was delivered and when the other *237 paper in the case was made out, which enumerated the different casks of oil and their contents ; but this would not be according to the intention of the parties, the sale being intended to be complete xvhen the first paper was given, as is evident from the terms of it. The other paper was made out for the purpose of adjusting the amount and taking the security ; d.nd even if this latter were the only paper, the same description of the oil being contained in it, the nature of the contract would be the same ; for we do not see why a description in the bill of parcels is not a representation, as well as that in the first paper, which may be called a sale note or memorandum. So that upon this first point we think the case is clearly with the plaintiff.
And the second point is equally clear on the same side, viz. that the defendant having signed the contract- with his oxvn name, without designating himself as agent, or by any words showing that he acted for the owner of the oil, is personally bound, notxvithstanding he was in truth but a factor and was known to be such by the plaintiff. One selling for another binds himself by the contract of sale, unless he shows his representative character on the face of the contract.
The defendant in this case signed the contract with his own name only. The purchaser had a right to treat him as the vendor. The books show that an agent who makes a contract fo»’ another, binds himself, unless he expressly stipulates for his principal. There are three cases in which the agent becomes personally liable ; first, where the principal is not known ; secondly, where there is no responsible principal; thirdly, where the agent becomes liable by any undertaking of his oxvn. Paley on Principal and Agent, (Eng. ed.) 249 ; 2 Livermore Pr. and Agent, 255. Agents who draw or indorse bills for their principals, but without qualifying their signature, are held personally upon the bills. Thomas v. Bishop, Str. 955 ; Leadbitter v. Farrow, 5 Maule & Selw. 345. And his liability exists, although it be known to the party who takes the bill, that he was merely an agent. The cases of Stackpole v. Arnold, 11 Mass. R. 27, and Long v. Colburn, ibid. 97, are in point also.[1]
*238 The remaining point in the case has been the cause of some hesitation, but we are finally fully satisfied upon it. It has been insisted upon by the defendant’s counsel, that there is a material variance between the contract as averred in the declaration, and the paper writing produced as evidence of that contract. We think the variance is in words only, not in substance. The averment is, that the defendant undertook that the oil was of a good and superior quality, to wit, prime quality winter oil. The bill of parcels states that the defendant sold prime quality winter oil. It is obvious that there is no variance even in terms, if the words under the scilicet are to be considered the substantial averment. Without these there would be a difference in phraseology, which according to the strictest rules of pleading would be held to be a variance. Now it is certain, that the words under the scilicet are not to be rejected, if they are essential to the declaration and are of a nature to be traversed. And it appears by the books, that words so placed may be used to qualify, explain, limit, or restrain more general words used in the succeeding part of the averment. 2 Wms’s Saund. 290 a, note.
Now although the plaintiff has said, in the former part of his averment, that the oil sold was of a good and superior quality, yet he goes on to give his own meaning of those terms, viz. prime quality winter oil. And there is no inconsistency in this, for without doubt prime quality winter oil is good and superior to other oil in the market.
With this use of the averment under the scilicet the declaration and the evidence are identical. And there is no doubt this is a proper use of that legal phraseology, for an averment in such form, if of any thing material, is traversable ; and indeed if any thing is to be rejected, it should be the former part of the averment, which being explained by the latter part has become unessential.
In the case of Paine, Judge, v. Fox, 16 Mass. R. 133, this Court is reported to have said, that the words following a videlicet in a declaration are never to be taken as an averment and are not traversable. This was undoubtedly a mistake. It is only where the allegation so expressed is imma *239 terial, and might have been omitted, that it shall not be traversed and may be rejected as wholly useless.[1]
The office of a scilicet is well explained, and all the authorities necessary to be consulted are to be found in Sergeant Williams’s note to Dakin’s case, 2 Saund. 290 a.
All the objections being overruled, judgment must be according to the verdict.

 Woodworth J. in 20 Johns. R. 204; Oneida Manufacturing Society v. Lawrence, 4 Cowen, 440; Andrews v. Kneeland, 6 Cowen, 354. See Parker v. Palmer, 4 Barn. & Ald. 387 ; Willing v. Consequa, 1 Peters’s C. C. R. 317 ; Rose v. Beatie, 2 Nott & M’Cord, 538 ; Jones v. Bowden, 4 Taunt. 853 ; Williams v. Stafford, 8 Pick. 250 ; Gallager v. Waring, 9 Wendell, 20.

 Wood v. Smith, 4 Carr. & Payne, 45. See Duffee v. Mason, 8 Cowen, 25 ; Helyear v. Hawke, 5 Esp. R. 72 ; per Holt C. J. in Lysney v Selby, 2 Ld Ray. 1120.

 S. P. Borrekins v. Bevan, 3 Rawle, 23, Gibson C. J. and Kennedy J. dissenting ; Hogins v. Plympton, 11 Pick. 99 ; Osgood v. Lewis, 2 Harr. & Gill, 495; Bosanquet J. in Budd v. Fairmaner, 5 Carr. & Payne, 78 ; S. C. 8 Bingh. 48 ; Freeman v. Baker, 5 Carr. & Payne, 475 ; 3 Chit. Commerc. Law, 303. But see Hyatt v. Boyle, 5 Gill & Johns. 110.
An affirmation amounting to a warranty is sufficient without the use of the word warrant. Roberts v. Morgan, 2 Cowen, 438; Beeman v. Buck, 3 Vermont R. 53. Goods sold are described in the invoice as scarlet cuttings; a warranty is to be inferred that the goods answer the known mercantile description of scarlet cuttings. Bridge v. Wain, 1 Starkie R. 504. See also Shepherd v. Kain, 5 Barn. & Ald. 240; Freeman v. Baker, 5 Barn & Ald 797; Flight v. Booth, 5 Moore & Scott, 190. It is sufficient if they are in specie that for which they are sold, and are merchantable under the denomination affixed to them by the seller. Jennings v. Gratz, 3 Rawle, 168. See Hogins v. Plympton, 11 Pick. 99.
In Richardson v. Brown, 1 Bingh. 344 ; Budd v. Fairmaner, 8 Bingh. 48 ; S. C. 5 Carr. &. Payne, 78; Dickenson v. Gapp, cited in Budd v. Fairmaner; there were express warranties, and the representations or descriptions were held not to raise a warranty beyond the one expressed. See Lanier v. Auld, 1 Murphy, 138; Wells v. Spears, 1 M'Cord, 421.
Best C. J. held, in Jones v. Bright, 5 Bingh. 533, that if a man sells an article for a particular purpose, he thereby warrants that it shall be fit for that purpose ; and see Gray v. Cox, 4 Barn. & Cressw. 115, and 6 Dowl. & Ryl. 208; but this is controverted by Kent, 2 Comm. (2d. ed.) 479, n. (c.) See Jennings v. Gratz, 3 Rawle, 168.
In every contract to furnish manufactured goods, it is an implied term that the goods shall be merchantable. Laing v. Fidgeon, 6 Taunt. 108; S. C 4 Campb. 169. So in every case where there is no opportunity for inspection by the vendee. 2 Kent's Com. (2d ed.) 479; Gallagher v. Waring, 9 Wendell, 20 ; Cooper v. Twibill, 3 Campb. 286, n. ; Holcombe v. Hewson, 2 Campb. 391. See Jennings v. Gratz, 3 Rawle, 168 ; Hanks v. M'Kee, 3 Littell’s R. 227 ; Osgood v. Lewis, 2 Harr. & Gill, 495; Hyatt v. Boyle, 5 Gill & Johns. 110.

 See New England Mar. Ins. Co. v. De Wolf, 8 Pick. 56.

 See Gleason v. M'Vickar, 7 Cowen, 44 ; Goulding v. Skinner, 1 Pick. (2d edit.) 162, and the cases on the subject of variance, in note (1) to page 164; Gladstone v. Feale 13 East, 410 ; Crispin v. Williamson, 8 Taunt. 107.