ALBANY,<br>Feb. 1827.<br>—<br>Gleason<br>v.<br>M'Vickar.

[*42]

Motion granted.

---

*Sloane*, 6 Watts, 421; *Barton* v. *Wells*, 5 Wharton, 225; *Stoddard* v. *Mix*, 14 Conn. 12; *Rice* v. *Bixler*, 1 Watts & Serg. 456; *Barlow* v. *Ocean Ins. Co.*, 4 Metc. 270; *Tuttle* v. *Tuttle*, 12 Metc. 551; *Logan* v. *Mathews*, 6 Barr, 417; *Mullanpley* v. *Riley*, 10 Missouri, 489.

See New York Dig. by Hogan, tit. ASSUMPSIT.

---

## GLEASON AND GLEASON *against* M'VICKAR.

COVENANT; tried at the Saratoga circuit, December 2d, 1825, before WILLIAMS, C. Judge.

Office of a<br>*videlicet* in<br>pleading.

If an allegation under a *videlicet*, be impossible, or contrary, or repugnant to the preceding matter, it shall be rejected as surplusage and void: but if it be used to explain what goes before, and is consistent with the preceding matter, it is immaterial and traversable.

Where a *videlicet* contains that which is material and necessary to be alleged, it is a direct and positive averment.

These rules illustrated by several cases, cited by Sutherland, J. and Savage, Ch. J.

Thus, where in covenant, that a farm contained 80 acres, the plaintiffs averred that it did not contain more than 50; and the defendant pleaded that it contained more than 50, *that is to say*, 80 acres; and the plaintiffs replied, that it did not contain 80 acres, nor more than 50; *held*, that the averment of 80 acres in the plea being material, though under a *videlicet*, the issue was upon that, and not on the 50 acres.

ALBANY,
Feb. 1827.

Gleason
v.
M'Vickar.

The action was upon a covenant, contained in a deed of conveyance from the defendant to the plaintiffs, that the premises contained at least 80 acres. The declaration set forth the covenant; and averred that the farm conveyed did not contain more than 50 acres. The plea was, that it did contain more than 50 acres, that is to say, 90 acres, and concluded with a verification. Replication, that the farm did not contain 80 acres, nor more than 50.

On the trial, the plaintiff proved that the farm contained 57 3-4 acres; and the defendant claimed a verdict, contending that the issue was simply whether the farm contained more than 50 acres. The judge decided that the plaintiffs were entitled to recover on the issue, which was upon the 80 acres; and the plaintiff had a verdict for the value of the land less than the 80 acres, at the contract price, with interest, being $482,45.

. Now, on the motion for a new trial, several points were raised; but the only question deemed necessary to notice, is the one which relates to the pleadings.

[*43]

*J. L. Viele*, for the defendant. The issue was, whether there were more than 50 acres. The 80 acres in the *plea laid under the videlicet, must be rejected. He citd 16 Mass. Rep. 133; 1 Chit. Pl. 631.

*S. G. Huntington*, contra. The issue was on the 80 acres. This, though laid under a videlicet, was material and traversable. 1 Chit. Pl. 309, 525, 510; 5 East, 252; 2 Saund. 291, note (1.) id. 207, note (2.) (4.) id. 206. 2 East, 452.

SUTHERLAND, J. The question is, what was the issue joined? Was it upon the 50, or upon the 80 acres?

The general rule in relation to allegations under a videlicet, or scilicet, seems to be this: if they be impossible, or contrary or repugnant to the preceding matter, they shall be rejected as surplusage and void. But where they are used to explain what goes before them, and are consistent with the preceding matter, there they are material

and traversable. It is the office of a videlicit, says Lord Hobart, in *Stukeley* v. *Butler*, (Hob. 172,) to particularise that which before is general, or distribute that which is in gross, or to explain that which is doubtful or obscure.

So where a videlicet contains that which is material and necessary to be alleged, it is considered as a direct and positive averment or affirmation ; as if the condition of a bond is to perform the award of I. S. to be delivered on or before the 21st of May ; and the defendant pleads no award, and the plaintiff replies, that after the making of the bond, and before the commencement of the action, to wit, on the 21st of May, the arbitrator made his award, here the scilicet is a positive averment that the award was made within the time limited by the condition ; and may, therefore, be traversed, and issue taken upon it. Vid. *Bissex* v. *Bissex*, 3 Burr. 1730, and 2 Saunders, 291 note, (1.) where all the cases and learning upon this subject are collected. Testing the videlicit, in this case, by these rules, the matter contained in it, is consistent with what was previously averred ; and it is clearly material and traversable. The averment in the declaration that the *farm did not contain more than 50 acres, is general and inconclusive. If issue had been taken upon it, and found for the defendant, it would not have shown that his covenant had not been broken. The issue would have been immaterial. The defendant in his plea, says that the farm did contain more than 50 acres, to wit, 80 acres ; thus particularising that which was before general, and thereby presenting the material point upon which the action depended. The defendant, by concluding this plea with a verification, shows that he considered it as containing new and material matter, which the opposite party had a right, and indeed was bound to answer. The replication, therefore, must be considered as taking issue upon that averment ; and the succeeding words, " nor more than 50 acres," are immaterial, and may be stricken out, as surplusage.

The issue, then, was, whether the farm contained 80 acres

[*44]

ALBANY,
Feb. 1827.

Gleason
v.
M'Vickar.

or not; and it was properly found for the plaintiff upon the evidence given on the trial.

SAVAGE, Ch. J. The only question of importance is, whether, under the issue, the defendant was not entitled to a verdict. What is the issue? The plaintiffs say, that the defendant warranted the farm to contain 80 acres; and they expressly aver that it did not contain more than 50. The answer of the defendant is, that it did contain more than 50, that is to say, 80 acres. The latter part, under the videlicet, was not necessary to give a complete answer to the declaration; but having made the averment, is he not bound to prove it? The defendant's counsel, contends he is not, because the averment of 80 acres is laid under a videlicet; and he cites the case of *Paine* v. *Fox*, (16 Mass. Rep. 133,) where it is said by Parker, chief Justice, to be a well settled rule, that what comes under a videlicet is no averment. This assertion must be considered in reference to the facts of that case. The matter there laid with a viz: was the day when the defendant received a certain sum of money, after the execution of a certain bond, and before suit. The day, I apprehend, was *not material, and the decision would be in accordance with the rule laid down by Sir William Blackstone.: "that where the time at which a fact happened, is immaterial, and it might as well have happened at another day, there, if alleged under a scilicet, it is absolutely nugatory; and is therefore not traversable; and if it be repugnant to the premises, it shall not vitiate the plea; but the scilicet itself shall be rejected as superfluous and void. But when the precise time is the very point and gist of the cause, there the time alleged by a scilicet is conclusive and traversable."

[*45]

That doctrine was adopted by this court in *Vail* v. *Lewis and Livingston*, 4 John. 457. Van Ness, justice, says, " a scilicet repugnant to the preceding matter, is void, and may of course be rejected as surplusage; but where it is not repugnant to the preceding matter, but will agree with it, there the scilicet is a direct affirmation, and shall be taken positively." The same doctrine is asserted in 19 John. 68.

In *Knight* v. *Preston*, 2 Wils. 335, the court say, "the office of the *videlicet* is, to explain what went before; and where it is not repugnant or contradictory, it is material and traversable." And as such an averment, coming after a *videlicet*, is traversable, so it must be proved, when material, as if averred without a *videlicet*.[1] 2 Saund. 291, *a*.

The averment of the defendant, that the farm contained 80 acres, is denied by the replication, which again asserts that it did not contain more than 50 acres. The pleadings on both sides are inartificially drawn. It is asserted by the plaintiffs, that the farm contains no more than 50 acres. This is denied by the defendant. He asserts it contains 80 acres, which is denied by the plaintiffs.

Justice seems to have been done under the pleadings, bad as they are; and I think it is not necessary to grant a new trial for the purpose of a repleader.[2]

[1] The word *videlicet* is from the Latin *videre*, to see, and *licet*, it is permitted; literally, it may be seen, you may see, it is to be seen. It is a term compounded similarly with *scilicet*, and of similar import, being used as prefatory to a particular statement of something that was just before mentioned in general terms. In pleading, a *videlicet* is used where a party alleges a fact which he does not wish to be held to prove strictly. The terms actually used for this purpose are the English "to wit," or "that is to say," immediately previous to the allegation. Burrill's Law Dict. vol. 2, tit. *Videlicet*.

[2] It is clear that when the matter alleged is *material* and traversable, and must be stated with exactness and certainty, the statement of such matter under a *videlicet* will not avoid the consequences of a variance or repugnancy if the matter be mis-stated, and there would be a fatal variance in the absence of the *videlicet;* and this whether the matter be the consideration or promise in the case of a contract, or be time or place, when material, or relate to other subjects. 1 Saund. 170, n. 2; 2 Id. 290 a. n. 1; 4 Taunt. 321; 9 B. & C. 215, *per Bayley*, J., 2 Campb. 231; 1 Stark. 3. As to *scilicets* in general, see 2 Saund. 290 a. n. 1; 5 East, 252; 1 Stark. Crim. Law, 283, 239; 1 Chit. Crim. Law, 226, 227; Steph. Index, *Videlicet*. Thus it is necessary to state the grant of letters of administration to a plaintiff suing as administrator, if the *date* of the grant, though laid under a scilicet, be incorrectly stated to have been on a day preceding to the alleged date of the promise to the intestate, it will be bad on *special demurrer*, although preceded with the words, that after the death of the intestate, to wit, on such *repugnant* day, the letters were granted. *Ring* v. *Roxbrough*, 2 Tyr. 468; 2 Crom. & J. 418, S. C. In stating *such* matter, therefore, the *videlicet* is useless to avoid a variance; and although it be used, the averment is considered positive, direct and traversable. 2 Saund. 391 a. note; Stra. 233.

*WOODWORTH, J. concurred.

The court being also with the plaintiffs on the other points, a

New trial was denied.

---

It is laid down by very great authority (Mr. Serjeant Williams, 2 Saund. 291 c. note,) that "on the other hand, the *want* of a *videlicet* will in some cases make an averment material that would not otherwise be so; or if a thing which is not material be positively averred *without a videlicet*, though it were not necessary to be so, yet it is thereby made material and must be proved : therefore where a party does not mean to be concluded by a precise sum or day stated, he ought to plead it under a *videlicet;* for if he do not, he will be bound to prove the exact sum or day laid, it being a settled distinction, that where any thing which is not material is laid under a *videlicet,* the party is not concluded by it, but he is where there is no *videlicet."* And there are decisions and *dicta* in support of this doctrine that matter may become material, and must be proved as laid, merely because it is averred without the intervention of the *videlicet.* 3 T. R. 68; 3 M. & Sel. 173; 2 Moore, 114, 93; 8 Taunt. 107, 112; 3 Price, 54; 2 B. & C. 2; 2 D. & R. 226, S. C.; 16 East, 416, 419; 13 East, 410; Peake's Evid. 4th ed. 217; M'Clel. 277, 279. But there are also some authorities, though less numerous, which appear to impeach the doctrine, at least as a general rule. 2 Campb. 307, n. And see 1 Phil. Evid. 4th ed. 227, 228, n., Index, *Videlicet;* 2 Saund. 291 c. n. b., to 5th edit. See 6 East, 487. And it seems not to apply even to criminal pleadings. 1 Lord Raym. 149; 6 T. R. 265; 3 Id. 643; 2 Phil. Evid. 4th edit. 287, 228, note, Index, *Videlicet;* Starkie's and Chitty's Criminal Law, 348, note (k.) It is true that the *videlicet* is often considered to be adopted as expressive of the intention of the pleader, not to bind himself to a positive and minute proof of the averment; but still it seems to be a harsh construction that the omission of the phrase shall be held to import that he restricts himself to such limited proof, in cases where in law the matter does not *of itself*, and if averred under a *videlicet,* call for such particular and strict evidence. A *videlicet* will not avoid a variance in an allegation of material matter, neither should the omission of it create the necessity of proving precisely as stated matter which would not otherwise require such precise proof.