## COMMONWEALTH *vs.* ELLEN HART & another.

An indictment, which avers that the defendants, on a day named and on divers other days and times between that and another day, did knowingly keep and maintain a certain common nuisance, to wit, a certain building, to wit, a house of ill fame, by them used and kept as a house of ill fame, and resorted to for the purpose of prostitution and lewdness; and for their own lucre and gain, certain persons, as well men as women, of evil name and fame and of dishonest conversation, to frequent and come together did unlawfully and wilfully cause, permit and procure, and, as well in the night as in the day, did suffer and permit to be and to remain whoring; to the common nuisance of all good citizens; sufficiently states a nuisance under *St.* 1855, *c.* 405; and is not bad for duplicity as stat-ing also the common law offence of keeping a disorderly house.

INDICTMENT, alleging that the defendants at Boston on the 1st of June 1857, " and on divers other days and times between said first day of June and the first day of October eighteen hun-dred and fifty seven, at said Boston, did knowingly keep and maintain a certain common nuisance, to wit, a certain building, to wit, a house of ill fame, then and on said other days and times, there situated on North Street, in said Boston, numbered one hundred and fifty eight, and then and on said other days and times there by them kept and used as a house of ill fame, and then and on said other days and times there resorted to for the purpose of prostitution and lewdness ; and that the said de-fendants in said house, for their own lucre and gain, certain persons, whose persons and names to said jurors as yet are not known, as well men as women, of evil name and fame and of dishonest conversation, to frequent and come together did then and on said other days and times there unlawfully and wilfully cause, permit, and procure, and said men and women in said house, as well in the night as in the day, then and on said other

days and times, there did suffer and permit to be and to remain whoring; to the common nuisance of all good citizens then and on said other days and times there residing, passing and being; and in evil example to all others in like case offending; against the law, peace and dignity of said commonwealth, and contrary to the form of the statute in such case made and provided."

In the municipal court of Boston, the defendants pleaded *nolo contendere*; and moved in arrest of judgment, because the offences charged in the indictment were inconsistently, vaguely and too indefinitely set forth, and because more than one offence was set forth therein. *Huntington,* J. overruled the motion, and reported the case to this court.

*B. F. Butler & N. St. J. Green,* for the defendants. 1. If this indictment alleges but one offence, the allegation is too vague and uncertain. " Did keep and maintain a certain common nuisance " is clearly insufficient. Every other allegation is made under a " to wit," which cannot be used where certainty of allegation is required, but whose proper office is to avoid certainty of statement, so that strict proof shall not be required. *Durston* v. *Tuthan,* cited 3 T. R. 67. *Arnfield* v. *Bate,* 3 M. & S. 173. The allegation, being descriptive of the offence, cannot be rejected as surplusage, although laid under a " to wit." *The King* v. *Stevens,* 5 East, 244. But here is a twice repeated " to wit : " " to wit, a building," " to wit, a house," for which no precedent can be found. It is a slovenly mode of pleading, and not to be encouraged.

2. The indictment is bad for duplicity. It sets forth with apt words that the defendants on a day certain were guilty of the statute offence provided against in *St.* 1855, *c.* 405, §§ 1, 2, and to which a statute penalty is affixed. It then avers in the same count that the defendants were guilty of the common law offence of maintaining a disorderly house, the punishment of which is discretionary.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

MERRICK, J. It is contended on the part of the government that the defendants are charged in the indictment with the com-

Commonwealth *v.* Hart & another.

mission of one of the offences enumerated in the *St.* of 1855, *c.* 405, by which all buildings, places and tenements, used as houses of ill fame, and resorted to as such, are declared to be common nuisances; and persons keeping the same are made subject, upon conviction, to punishment by fine or imprisonment, at the discretion of the court wherein they are convicted.

A verdict having been returned against the defendants, they filed a motion in arrest of judgment, upon the ground that the indictment was vague, uncertain and insufficient in its averments; and in support of this motion they insist that the indictment does not truly, nor in apt and appropriate legal terms, describe any one of the offences mentioned in the statute; or, if the contrary might, upon any just and proper principles of construction, be assumed, that it describes also the common law offence of keeping a disorderly house, and is thus bad for duplicity in alleging in a single count the commission of two several and distinct offences.

But upon a careful scrutiny of its allegations, the indictment does not appear to be so obnoxious to objection, either upon the ground of the imperfection or the redundancy of its averments, as to afford a sufficient reason for refusing to enter judgment upon the verdict. It certainly has the appearance of having been prepared with but little deliberate care, and with less attention to precision of expression in the description of the particular offence intended to be proceeded against under the provisions of the statute, than it is desirable to see in all legal, and especially in all criminal, proceedings. It contains undoubtedly several phrases which are partially descriptive of another offence, as well as of that which, we think, it is quite apparent it was the obvious purpose of the grand inquest to charge against the defendants. These phrases and forms of speech are however pertinent, and may therefore well be used in the description of different offences; but their force and significance will, in each particular instance in which they are used, depend altogether upon the manner in which they are introduced into the pleadings, and upon their connection with other allegations.

In this case the indictment sets forth that on the first day of

June, and on divers other days and times between that day and the first day of October then next ensuing, the defendants knowingly did keep and maintain a certain common nuisance, to wit, a certain building, to wit, a house of ill fame, situate on North Street in the city of Boston, numbered one hundred and fifty eight, resorted to for the purpose of prostitution and lewdness. All the other allegations and parts of the indictment have immediate and direct reference to this averment of the maintenance of a common nuisance, as it is identified and particularized in the statements under the *videlicet.*  The precise and legal use of a *videlicet* in every species of pleading is to enable the pleader to isolate, to distinguish, and to fix with certainty, that which was before general, and which, without such explanation, might with equal propriety have been applied to different objects. 1 Chit. Crim. Law, 226.   That is the use which was made of it in this indictment.  The common nuisance complained of is thus shown to be the keeping of a house of ill fame, contrary to the provisions of the statute ; and by this explanation the general expression first used, though susceptible of a different meaning in itself, is restricted and confined to a precise and definite fact, and the accused are thereby secured against all danger of misapprehending the exact offence for which they are called upon to answer.

If there are other expressions in the indictment which are not essential to a distinct statement of the offence intended to be charged against the defendant, they may be regarded as useless and rejected as surplusage ; for none of them are in conflict with the general purpose of the prosecution or inconsistent with an accurate description of the particular offence which is com plained of.                                         *Motion overruled.*