Sutlifr, J.
The judgment of the district court, which we are called upon to revise, having been rendered upon the issue of law presented by the demurrer to the answer, our attention is invited firstly to the petition. For it is a rule of pleading that upon a demurrer the court will view the whole record and give judgment to the party who thereon appears entitled to it. And although a plea to a declaration, or an answer to a petition, be utterly defective and obnoxious to a demurrer, yet if the declaration or petition be also defective and insufficient, upon demurrer by the plaintiff such de *197 fective plea or answer will never be adjudged insufficient in respect to such defective declaration or petition. In such cases, however defective the pleading demurred to may be, the judgment should be given against the party whoso pleading was first defective *in substance. 1 Saund. 119, note 7; 5 Hobart. 56; Murdock v. Winters’ Adm’r, 1 Har. & Gill, 471; Smith v. Walker, 1 Wash. 135; Allen v. Crofoot, 7 Cow. 46; Stephen on Pleading, 144.
Let us then recur to the petition, and see whether that is so defective as to be subject to a demurrer. By section 87 of the code, ■among other causes of demurrer to a petition, is stated the following: “That the petition does not state facts sufficient to constitute a cause of action."
The petition in this ease contains a statement of the contract, and -averment of the facts in relation thereto, as constituting the cause of action on which judgment was asked. The contract, as stated, was a proposition or an agreement on the part of the defendant, upon certain conditions therein expressed, to take and pay for six shares of railroad stock in the Central Ohio Railroad Company, at the price of three hundred dollars, to be paid in installments from time to time, as called for by the directors of the company, the condition being that the amount to be paid should be expended within •the county of Guernsey, in the construction of the road between Zanesville and the Ohio river, on the Leatherwood and McMahon’s ■Creek route. The averments connected with a statement of the •contract in the j^etition, to show the defendant in default of his ■undertaking, are the following: That after the establishment of the road upon the route designated, on the 9th of February, 1853, the •directors ordered that installments of ten per cent, on the capital stock of the eastern division of the Central Ohio Railroad be called in every thirty days, and gave public notice thereof. It is also ■averred that the treasurer gave public notice, on the 3d of March, 1853, to the stockholders of said company, in Noble and Guernsey counties, of said assessments or order of directors. - Under these •circumstances, it is averred that on the 9th of May, 1856, the defendant had neglected to pay any part of said $300, and that the company assigned their ¡right of action to the plaintiffs. These are ■all the averments *made in the petition to show a right of ■action against the defendant. Do these averments, supposing them .all true, constitute a right of action in the plaintiffs against the defendant? Certainly not. It is nowhere stated that the .railroad *198 company ever acceded to the condition annexed to the defendant’s-contract; that they ever consented to expend the price proposed to-be paid for the six shares of stock agreeably to the proposition; or-that they ever consented to lot the defendant have six shares of their stock hpon the terms by him proposed in his subscription.. It is not averred, that the defendant was ever notified that the company had called for said $300 to be paid in installments to be expended as proposed; nor is it averred that said road has~ever been constructed, or that the plaintiffs were ready and willing to expend the said $300 according to the conditions of said contract. It is-not averred that the defendant was a stockholder in Noble or Guernsey county, or that that stock belonged to the eastern division of the road.
But it is sufficient to say, that the petition does not state facts-sufficient to constitute a cause of action. The district court, therefore, erred in sustaining the demurrer of the plaintiffs below to the answer of the defendant, and rendering judgment in their favor. Eor this cause, the judgment so rendered must be reversed, and the-cause remanded for further proceedings.

Judgment accordingly.

Brinkerhoee, C. J., and Scott, Peck, and Gholson, JJ., con-’ curred.