(No. 24181.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HARRY C. SHAVER, Plaintiff in Error.

*Opinion filed October 15, 1937—Rehearing denied Dec. 9, 1937.*

340

THOMAS MARSHALL, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and BLAIR L. VARNES, of counsel,) for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

This cause comes here from the Appellate Court for the First District to which this court transferred it. (*People v. Shaver*, 364 Ill. 326.) The Appellate Court affirmed the judgment of the municipal court finding the defendant guilty of violating section 24 of the Medical Practice act. He was sentenced to imprisonment in the county jail of Cook county for one year and to pay a fine of $100.

The information contains three counts, which are set out, in full, in the former opinion of this court. Because of the questions presented, their pertinent portions are repeated here for convenience. The first count, after negativing defendant's possession of an Illinois license to practice the treatment of human ailments, charges that on March 17, 1935, he did "diagnosticate or attempt to diagnosticate, operate upon, profess to heal, prescribe for or otherwise treat an ailment or supposed ailment of another, to-wit; did then and there prescribe the taking of certain tablets internally, one after each meal, for an ailment or condition in conjunction with the pregnancy of Mary Bosch." The second count charges that he did "unlawfully suggest, recommend, operate upon, profess to heal or otherwise treat an ailment or supposed ailment of another with the intention of receiving therefor either directly or indirectly a fee, namely: did unlawfully prescribe for an alleged pregnant condition of a Mary Bosch, the taking internally of certain tablets of unknown composition by said Mary Bosch, one after each meal, with the intention of receiving therefor a fee consisting of a portion of the sum of $15 in cash paid on May 16." The third count charges that he did "unlawfully attach the title 'Doctor,' 'Physician,' 'Surgeon,' 'M.D.' or any other word or abbreviation to his name, indicative that he was engaged in the treatment of human ailments as a business, by unlawfully signing his name 'Shaver, M.D.' thereby attaching to his name the title 'M.D.' indicative that

he was engaged in the treatment of human ailments as a business."

Shorn of verbiage, and narrowed to the real issues, the grounds urged for reversal are: That the allegations of each count are in the disjunctive and, therefore, insufficient to charge an offense, or to apprise defendant of the nature of the accusation against him; that the trial court erred in refusing to allow him to withdraw his plea of not guilty and file a motion to quash; that the penalty imposed is excessive and that the evidence does not sustain the finding of guilty.

It is fundamental that an indictment must be sufficient to charge a public offense, and the omission of a material and necessary description of the offense vitiates the indictment. The question of whether it states facts sufficient to constitute a public offense may be raised at any stage of the case, and may be availed of by motion in arrest or by writ of error. (*People* v. *Minto,* 318 Ill. 293; *Klawanski* v. *People,* 218 id. 481.) The same rule applies to an information. (*People* v. *Tait,* 261 Ill. 197; *People* v. *Weinstein,* 255 id. 530.) A defendant charged with an offense which may result in his being deprived of his liberty has the constitutional right to know the nature of the charge against him and to have it definitely and specifically set forth with such certainty that he may know with what he is charged, be enabled to prepare his defense, and to plead the judgment in bar of a subsequent prosecution for the same offense. *People* v. *Sherwin,* 353 Ill. 525; *People* v. *Barnes,* 314 id. 140.

The language of section 24 of the Medical Practice act, providing a penalty for the violation of any of its terms, is in the disjunctive. The allegations of the information embrace the acts set out in the statute. In Bishop on Statutory Crimes, sec. 244, the rule is laid down: "If, as is common in legislation, a statute makes it punishable to do a particular thing specified, or another thing, or another,

one commits the offense who does any one of them, or any two or more or all of them, and the indictment may charge him with any one or with any larger number at the election of the pleader, employing, if the allegation is of more than one, the conjunction 'and' where 'or' occurs in the statute." That rule has been adopted in this State. (*People* v. *Langguth*, 347 Ill. 500; *People* v. *Reed*, 287 id. 606; *Blemer* v. *People*, 76 id. 265.) The general rule is, that charging more than one of such acts in the disjunctive renders the indictment defective for uncertainty. This rule is of long standing. (*Thompson* v. *State*, 37 Ark. 408; *Commonwealth* v. *Grey*, 68 Mass. (2 Gray) 501; *State* v. *Colwell*, 3 R. I. 284; *Clifford* v. *State*, 29 Wis. 327; *State* v. *Currier*, 225 Mo. 642, 125 S. W. 461; *State* v. *Flynn*, 76 N. J. L. 473; *State* v. *Shadroui*, 89 Vt. 520, 96 Atl. 8.) The reason for the rule is plain. If a defendant is charged in the disjunctive, only, there is no definite statement of any fact which constitutes a violation of the law, and the accused is not apprised which charge he is required to meet.

In determining whether the information in this case comes under the general rule, the language employed, and its effect, must be considered. It must be noticed that in each of the first two counts the offense charged is laid under a *videlicet*. The first count, after alleging several acts in the disjunctive, proceeds with the specific charge, "to-wit: did then and there prescribe the taking of certain tablets internally." The second count, in the same manner, using the word "namely," charges an unlawful prescribing. The third count, after several disjunctive allegations, makes them specific with the phrase "by unlawfully signing his name 'Shaver, M.D.' "

When any fact alleged in pleading is preceded by "to-wit" "that is to say," or "namely," such fact is said to be laid under a *videlicet*. The precise and legal use of a *videlicet* in every species of pleading is to enable the pleader to isolate, to distinguish and to fix with certainty that, which

before, was general, and which, without such explanation, might with equal propriety have been applied to different objects. (*Commonwealth* v. *Hart,* 76 Mass. (10 Gray) 465.) A *videlicet* is sometimes, as in the case at bar, used to explain what goes before it. If the explanation is consistent with the preceding matter, and contains that which it is material and necessary to be alleged, it is considered as a direct and positive averment, which is material and traversable. *Hastings* v. *Lovering,* 19 Mass. (2 Pick.) 214; *Birmingham Railway Light and Power Co.* v. *Moseley,* 164 Ala. 111, 51 So. 424.

In *Blemer* v. *People, supra,* an indictment charged "that by a certain game or device by the use of cards, they did," etc., and it was argued the "device" referred to in the statute is distinct from its antecedent word "game," etc. The statute provided: "Whoever, by the game of 'three card monte,' so-called, or any other game, device, sleight-of-hand, pretensions to fortune-telling, trick, or other means whatever, by use of cards, or other implements or instruments, fraudulently obtains from another person property of any description, shall be punished," etc. We held that the words "game," "device," etc., alluded directly to and were qualified by the words "use of cards," and were intended to describe, in different words, the same thing; and that, when the word "or" in a statute is used in the sense of "to-wit"—that is, in explanation of what precedes, and making it signify the same thing—an indictment is well framed which adopts the words of the statute. As a corollary, it is obvious that when an information, after disjunctive allegations, reduces them to a specific charge by the use of a *videlicet,* or otherwise, it is sufficiently definite to charge a violation of the law and to inform the defendant of the nature of the charge against him. (*Commonwealth* v. *Hart, supra.*) We have repeatedly held that an indictment or information is sufficient if it is specific enough to notify the accused of the charge he is to meet and to

enable him to prepare his defense. (*People* v. *Green*, 362 Ill. 171; *People* v. *Westerdahl*, 316 id. 86; *People* v. *Love*, 310 id. 558.) The information was, therefore, sufficient.

Granting the motion to withdraw the plea of not guilty and file a motion to quash would have availed the defendant nothing. Besides this, the case was twice postponed at his request, one of the continuances being after his plea was entered, on the condition that he would be ready for trial on the date set. No reason for the delay in filing the motion was offered. The court did not abuse its discretion in denying it. *People* v. *Brickey*, 346 Ill. 273; *People* v. *Jones*, 263 id. 564.

The uncontradicted evidence shows that defendant was introduced at his home to Mary Bosch and her husband, as a doctor. While he did not tell Mrs. Bosch he was a doctor, he proceeded, under the introduction, to examine her then and on three subsequent occasions. On the second visit he pronounced her pregnant. He used an instrument in the vagina and advised her what to do. He gave her a prescription for calcium phosphate tablets to be taken. internally, and signed it "Shaver, M.D." He was paid $35 for his services. He advised her to go to a hospital for delivery and was present and assisted a doctor by handing him instruments when the child was born. He introduced himself to a pharmacist as Doctor Shaver.

It is urged that the prosecution emanates from defendant's refusal to pay Mrs. Bosch $200 because of alleged lacerations sustained through the childbirth; that she received no injury, but threatened him with a criminal prosecution unless a settlement was made. She testified that five days after the child was born, Dr. Johnson removed stitches from her and she was permitted to go home. Her claim for injuries can have no bearing on the determination of the issues here. Neither does the voluntary statement, supplied *arguendo* in the brief, that defendant is a graduate of a medical school situated in St. Louis and is now at-

tending another school, tend to absolve him from the offense of practicing medicine without a license and representing himself to be a doctor. It is suggested that pregnancy is not an ailment. Whether it is or not, defendant is not charged with prescribing for pregnancy, only, but for an ailment in conjunction therewith.

The evidence shows defendant's guilt beyond any reasonable doubt. The health and lives of the people are of the utmost importance. The statute was enacted to safeguard them and to prevent their being jeopardized by the very things this record discloses. There are no mitigating circumstances shown, and a smaller penalty would but tend to condone a grave offense. The punishment is not excessive.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*