Parker, C. J.,
delivered the opinion of the Court. The first point taken by the defendant’s counsel is, that parol evidence was admitted, to control or explain the contract in writing, which subsisted between the parties.
The objection goes upon the supposition, that a common bill of parcels, given upon or after the purchase of goods, is evidence, and the only proper evidence, of such a contract. But it is not so. The bargain is usually made verbally, and without any intention that it shall be put in writing ; and the bill of parcels is intended only to show that the goods have been purchased and paid for. It is seldom particular, or descriptive of the whole contract between the parties. But, if it were not so, the paper introduced in this case is ambiguous with respect to the subject of the bargain ; and the ambiguity is latent, so that parol evidence may be admitted to explain it. It states only that “ 2 casks of cloves ” were purchased ; leaving it uncertain what kind of cloves, of which it appears in the case that there are at least two kinds, differing materially in quality and value. We think this objection was properly overruled.
We may then come to the principal question, namely, Whether the evidence in the cause proved a contract to * sell cloves of a different kind from those which were de livered. The defendant exhibited a sample, by which the plaintiff purchased.' Among fair dealers there could be no question but the vendor intended to represent that the article sold was like the sample exhibited ; and it would be to be lamented, if the law should refuse its aid to the party who had been deceived in a purchase so made.
The objection is, that no action upon a warranty can be maintained, unless the warranty is express; and that no other action can be maintained, unless there be a false affirmation respecting the quality of the article. If such were the law, it would very much embarrass the operations of trade, which are frequently carried on to a large amount by samples of the articles bought and sold.
The authorities cited by the defendant’s counsel have been care *119 fully looked into ; and we think they do ,iot militate with this decision ; unless it be the case of the Bezoar stone, (7) which we think would not now be received as law in England ; certainly not in our country. The vendor sold the stone as and for a bezoar stone, to one unacquainted with such articles, and it turned out to be of inferior value. The court held that no action would lie ; and some of the judges stated, that, even if the vendor had known that it was not a bezoar, and it had been so alleged, an action could not be maintained without an express warranty. The other case is that of Parkinson vs. Lee. (8) There the hops sold were of the same kind and quality as the sample ; but there was an unknown deterioration by fermentation, caused by the grower of the hops, and not by the vendor. Hops being usually sold in pockets, and the quality ascertained by sample, it was held that the innocent vendor was not responsible to the vendee, for an unknown inherent defect, without an express warranty. That case does not militate with our opinion in the case at bar.
The fair import of the exhibition of a sample is, that the article proposed to be sold is like that which is shown as a parcel of the article ; it is intended to save the * purchaser the trouble of examining the whole quantity. It certainly means as much as this, “ The thing I offer to sell is of the same kind, and essentially of the same quality, as the specimen I give you.” I do not know that it would be going .too far to say, that it amounts to a declaration that it is equally sound and good. But it is not necessary to go so far in the present case ; and we are not disposed to question the correctness of the decision in Parkinson vs. Lee.
It is expressly found by the jury, in the case at bar, that the cloves delivered were different in kind from those which composed the sample, and inferior in value, not from decay or exposure, but that there is a specific difference in the respective plants from which they are produced. Surely, if a man were to exhibit to me a parcel of hyson tea as a sample, to induce me to buy a chest, and I should pay him the price of hyson, and he should deliver me a chest of bohea or souchong, I might recover the difference in value, if he should refuse to do me justice, although he did not expressly warrant, that the tea in the chest was the same as that in the sample. Indeed, the exhibition of a sample must, in all fair dealing, stand in lieu of a warranty or affirmation. It is a silent, symbolical warranty, perfectly understood by the parties, and adopted and used for the convenience of trade.
*120 The cases must be very strong, to establish a principle so unjust, and so productive of distrust and jealousy among traders, as that contended for by the defendant’s counsel. For what purpose is the sample exhibited, unless it is intended as a representative of the thing to be sold ? What would an honorable merchant say, if, when he took from a mass of sugar or coffee a small parcel, and offered to sell by it, the man who was dealing with him should ask him if it was a fair sample, and call upon him to warrant it so ? Mercantile honor wo Jd instantly take the alarm ; and, if such questions should become necessary, there would be no need of that honor, which happily is now general, and * almost universally relied upon. That there is not an unknown and invisible defect, owing to natural causes, or to previous management by some former dealer, he may not be presumed to affirm when he shows the sample ; and as to these particulars an express warranty may be required, consistently with confidence in the fair dealing of the vendor. But that the thing is the same, generically and specifically, as that which he shows for it, he certainly undertakes, and if a different thing is delivered, he does not perform his contract, and must pay the difference, or receive the thing back and rescind the bargain, if it is offered him.
A case similar to this in principle came before me two or three years ago, at nisi prius. An advertisement appeared in the papers, which was published by a very respectable mercantile bouse, offering for sale good Caraccas cocoa. The plaintiff made a purchase of a considerable quantity, and shipped it to Spain, having examined it at the store before he purchased ; but he did not know the difference between Caraccas and other cocoa. In the market to which he shipped it, there was a considerable difference in value, in favor of the Caraccas. It was proved, that the cocoa was of the growth of some other place, and that it was not worth so much in that market. I held that the advertisement was equal to an express warranty; and the jury gave damages accordingly. The defendants had eminent counsel, and they thought of saving the question ; .but afterwards abandoned it, and suffered judgment to go. Surely, if a sample of Caraccas cocoa had been shown to the purchaser, and any other cocoa had been delivered to him, the case would not have been less strong.
We are all decidedly of the opinion, that a sale by sample is tantamount to an express warranty, that the sample is a true represent? - live of the kind. There must, therefore, be entered

Judgment according to the verdict.

[Long on Sales, 2d Amer. ed., 191,192 —Gallagher vs. Waring, 9 Wend. 20.— Beebe vs. Robert, 12 Wend. 413. — Williams vs. Spafford, 8 Pick. 250. — Ed.]

 Chandelor vs. Lopus, Cro. Jac. 4. — S. C., Dyer, 75.

 2 East, 314.