* By the Court.

The words cited from the policy contain a warranty that the vessel was Swedish property, or at least that she was furnished with regular documents in that character. The evidence given to the jury, to explain the intentions of the parties to the contract, ought not to have been admitted.
The condemnation having been expressly on the ground that the vessel was American, it is doubtful if the plaintiff is at liberty to contest that fact. But let the verdict be set aside, and the plaintiff may take a new trial, if he shall be so advised. (1) , (a)
Parker for the plaintiff.
Welsh for the defendant.

 See 8 Johns. Rep. 307, Barker vs. Phœnix Ins. Co., and the cases there cited.

 [Atherton vs. Brown, post, 152. — Lewis vs. Thacker, 15 Mass. Rep. 431. — Hastings vs. Lovering, 2 Pick. 2Í4.— Hogins vs. Plympton, 11 Pick. 100. — Windsor vs. Lombard, 18 Pick. 57. — Ed.]