Parker, C. J.,
delivered the opinion of the Court. In the case of Higgins vs. Livermore, 14 Mass. R. 106, which was a policy upon the same vessel, it was determined that the phrase, “ Swedish brig Sophia,” amounted to a warranty that the vessel was in fact a Swede, or at least that she was regularly documented as such. This qualification of the opinion was unfortunate, as it probably led to the present action—in which an attempt is made to recover, although it is agreed that the vessel belonged to American citizens, and was only colorably furnished with the documents tending to prove her a Swede.
We are all of opinion that the warranty is absolute and unqual ified, and that paroi evidence ought not to have been admitted, to prove that something less than such warranty was intended by the parties to the contract. It would be unfit to admit such evidence, and it is certainly against law so to do; for where there is a written contract, that must be abided by, and the parties should conform their contract to their actual intentions.
There have been cases before us, where the assured has stipulated that the vessel should sail with neutral papers, or be documented as a neutral. In such cases there is no difficulty, the meaning of the parties being clearly understood. But to say, in writing, that they will warrant one * thing, and then prove that they meant to warrant something less, would be opening a door to frauds and perjuries which the rules of law have aimed to close.
If what the plaintiff contends for was the true intent and meaning of the underwriters, it may be dishonorable in them to insist upon the strict letter of the contract; but if they claim their bond, the law will give it them.' And it is for the public good that parties should know that, when they undertake to stipulate, in writing, in contracts of this nature, they must make the contract speak their real intentions; and not solemnly declare one thing in writing, and then avoid the effect of it by verbal declarations.
The cases mentioned, in which the usage of trade has been held to control the description of a voyage in the policy, are by no means analogous. The underwriter and the assured are both presumed, by the law, to make their contracts with reference to such *386 usages ; and they, in fact, make a part of the contract. But there cannot be a usage, by which a warranty that a vessel was neutral should be held to mean that she was not neutral, but only pretended to be so. (a)

Plaintiffs nonsuit.

 A policy on goods 11 of and in the ship called the Catharine, an American vessel,” seems to amount to a warranty that the ship is American.— Lothain vs. Henderson, 3 R. & P. 501,503, 509.— Per Chambre, J., 514, 515. — Per Le Blank, J., 531. — Vide id. 506.— Baring vs. Christie, 2 East, 398, 404, 405. — 3 Camp. 382. — For the term 44 warranted ” is not necessary, nor any other precise expression. But, on the other hand, the terms in the policy will not constitute a warranty, unless it sufficiently appears, from them, that it was the intention of the parties. Thus, when a policy described the insurance to be on goods on board the ship 44 called the American ship President,” this was taken to be the name of the ship, and not a warranty. Clapham vs. Cologan, 3 Camp. 382. — The insertion of the description 44American ship ” after the word 14 called ” seems to show that the whole was considered as the name. So, the insertion of a ship’s name in English, or in any other language, will not constitute a warranty that the ship belongs to the nation whose language is adopted in describing her, especially when the policy is effected in the usual terms adopted in the English policies, 44 on the good ship called ” — or by whatsoever other name or names the said ship shall or may be called or known. — Hall vs. Molineaux, 6 East, 385. — Le Mesurier & Al. vs. Vaughn, 6 East, 386. — Vide Mackie vs. Pleasants, 2 Binn. 363. — Barker vs. Phoenix Insurance Company, 8 Johns. 307. — Atherton vs. Brown, 14 Mass. Rep. 352. — Goix vs. Low, 1 Johns. Cas. 341. — Murray vs. Un. Ins. Co. 2 Johns. Cas. 168.— Vandenhewuel vs. Un. Ins. Co. 2 Johns. Cas. 127.