ALEXANDER COOLIDGE *vs.* NICHOLAS H. BRIGHAM.

Where goods are sold and delivered, and the seller afterwards agrees to receive in pay-
ment therefor the note of a third person, indorsed by the payee and another, and the
buyer delivers such third person's note, on which the promised indorsements are forg-
ed, the seller cannot, upon discovering the forgery, maintain an action against the
buyer, for goods sold and delivered, until he has rescinded the agreement and return-
ed, or offered to return, the note.

A. agreed to procure and deliver to B. the note of W. indorsed by two other persons,
and afterwards wrote to B. this letter — " I enclose you the note of W.'s, as propos-
ed, which you will please pass to my credit." *Held,* that this was tantamount to a
warranty that the indorsements on the note enclosed in the letter were genuine.

ASSUMPSIT for goods sold and delivered, and for money had
and received. There was also a count on a special agreement,
to the following effect; viz. that the defendant, on the 28th of
April, 1837, being indebted to the plaintiff in the sum of $ 306,
for goods sold and delivered, in consideration that the plaintiff,
at the request of the defendant, would accept and receive of the
defendant, in payment for said goods, a promissory note made
by George C. Whitney for $ 306, dated February 16th, 1837,
and payable in four months to George Whitney, or order, and
indorsed by him and by D. M. Whitney, undertook and promised
the plaintiff, that he (the defendant) would procure and deliver
to the plaintiff the said George C. Whitney's note for said sum,
made and indorsed as aforesaid; that the defendant afterwards
procured and delivered to the plaintiff the said George C.'s note
for said sum, payable as aforesaid, and purporting to be indorsed
by said George Whitney and D. M. Whitney, and that the plain-
tiff, confiding in the defendant's undertaking and promise afore-
said, accepted and received said note from the defendant in
payment for said goods : yet that the defendant, fraudulently in-
tending to injure the plaintiff, did not perform his said undertak-
ing and promise, but deceived and defrauded the plaintiff in this,
viz. that said note was not indorsed by said George Whitney or
said D. M. Whitney, but the indorsement of their names on
said note was a forgery; whereby the note became and was of
no value to the plaintiff, and he was put to great expense in
causing said note to be protested for non-payment by the maker,

and giving notice to the supposed indorsers, and in attempting to collect said note by a suit at law against said D. M. Whitney, in which suit judgment for costs was rendered against the plaintiff.

At the trial before the chief justice, the plaintiff produced the following letter from the defendant to him : " Boston, April 28, 1837. Mr. A. Coolidge. Dear Sir. I enclose you the note of Whitney's, indorsed as proposed, which you will please pass to my credit, and acknowledge the receipt of the same. You will please not let Whitney know you have it. Yours, N. H. Brigham." It was also proved or admitted, that the plaintiff in fact received the note described in his special count, and that the defendant charged the same to the plaintiff, on his book ; that the indorsements of G. Whitney and D. M. Whitney were forged ; that the plaintiff, at the maturity of the note, demanded payment of the maker, and gave due notice of non-payment to the supposed indorsers ; that he commenced a suit thereon against D. M. Whitney, on the 12th of July, 1837, and called on the defendant to furnish evidence of the genuineness of said Whitney's indorsement ; and that the defendant in that suit had judgment against the plaintiff for costs. But it was also admitted by the plaintiff that he had never returned, nor offered to return, said note to the defendant.

Upon this evidence, it was insisted by the defendant's counsel that this action could not be maintained against him : 1st. Because said letter did not constitute a contract of absolute warranty of the genuineness of the signatures of the maker and indorsers, upon which an action for damages would lie by merely proving that they were not genuine, without giving notice and restoring the note. 2d. That the plaintiff could not regard the contract as rescinded, and recover as for goods sold and delivered, without returning or offering to return the note to the defendant.

The judge advised a nonsuit, which was entered, subject to the opinion of the whole court.

*Buttrick*, for the plaintiff. The letter amounted to a warranty. *Fielder* v. *Starkin*, 1 H. B    *Buchanan* v. *Parn-*

*shaw*, 2 T. R. 745. *Chapman* v. *Murch*, 19 Johns. 290. *Hastings* v. *Lovering*, 2 Pick. 214. *Jones* v. *Ryde*, 5 Taunt. 488. *Salem Bank* v. *Gloucester Bank*, 17 Mass. 28. 2 Kent Com. (1st ed.) 375. *Medina* v. *Stoughton*, 1 Salk. 210.

The plaintiff, on discovering the forgery, was entitled to an action on his original cause of action, without returning the note. He might treat the note as a nullity. *Markle* v. *Hatfield.* 2 Johns. 455. *Whitbeck* v. *Van Ness*, 11 Johns. 409. *Swartwout* v. *Payne*, 19 Johns. 294. *Manufacturers & Mechanics' Bank* v. *Gore*, 15 Mass. 75. *Camidge* v. *Allenby*, 6 Barn. & Cres. 385, per *Littledale*, J.

The note was worthless, and for that reason it was not necessary to return it. *Conner* v. *Henderson*, 15 Mass. 322. The plaintiff was also entitled to retain the note as evidence in support of his suit on his original cause of action. *Waters* v. *Mansell*, 3 Taunt. 58. *Widdle* v. *Lynam*, Peake's Add. Cas. 30.

*Brigham*, for the defendant. The letter, which is all the evidence of the contract between the parties, does not contain or amount to a warranty. *Hogins* v. *Plympton*, 11 Pick. 97. *Bree* v. *Holbech*, 2 Doug. 654. *Chanter* v. *Hopkins*, 4 Mees. & Welsb. 399. Nor does the plaintiff's special count even aver a warranty.

In order to recover for goods sold and delivered, in such a case as this, the plaintiff must first rescind the special contract, and *demand pay* for the goods. He must also restore what he has received of the buyer; *Kimball* v. *Cunningham*, 4 Mass. 502 ; if it be of any value. *Conner* v. *Henderson*, 15 Mass. 322. The defendant, for aught that has been shown, might have collected the note of the maker, if it had been returned. Nor does the evidence show that the plaintiff cannot now collect it. He has not made the attempt, and therefore cannot recover on his count for goods sold. *Pope* v. *Nance*, Minor, 299. See also, *Ellis* v. *Wild*, 6 Mass. 321. *Gloucester Bank* v. *Salem Bank*, 17 Mass. 45. *Levy* v. *Bank of U. States*, 4 Dall. 234 *Bank of U. States* v. *Bank of Georgia*, 10 Wheat. 333.

WILDE, J. The plaintiff founds his claim on two grounds In the first place, his counsel contend that he had a legal right

to rescind the contract, set out in the special count, without restoring, or offering to restore, the note therein mentioned, to the defendant.

This right, we think very clearly, cannot be maintained. A contract cannot be rescinded by one of the parties for the default of the other, unless both of them can be put in the same state as before the contract. It cannot be rescinded as to one party, and remain in force as to the other. It must be rescinded *in toto.* And if the party rescinding has received property of any value, however inconsiderable, under the contract, he must restore it to the other party.

This rule of law is well established and is not controverted by the plaintiff's counsel; but they contend that the note received by the plaintiff is worthless, and may be treated as a nullity. There is, however, no proof that the note is worthless. It is unquestionably a valid note against George C. Whitney, the maker; and if it had been restored to the defendant, he could maintain an action against him, notwithstanding the forged indorsements. He might maintain an action on the note in the name of the nominal promisee, or an action of deceit, if he purchased the note of the maker; and in either case, the note in question might be necessary to establish his claim. It is true that eventually the note may become of no value, either by the death or insolvency of the maker, or otherwise; but this possibility does not excuse the plaintiff for not returning the note. He must, if he undertakes to rescind the contract, either restore the note, or prove clearly that in no event can it be of any value. This he has failed to show, and cannot therefore be allowed to treat the note as a nullity.

The other ground, on which the plaintiff relies, is an alleged warranty, express or implied, that all the signatures of the note were genuine. But, as the declaration is framed, this ground also fails. There is no averment that the defendant promised or undertook to warrant that the signatures on the note were genuine. In the special count it is alleged that the defendant promised to procure a note signed by George C. Whitney, and indorsed by George Whitney and D. M. Whitney; that he procured

and delivered to the plaintiff the note in question, purporting to be so signed and indorsed, but that the indorsement had after wards been discovered to have been forged. On this count the plaintiff would be entitled to recover, if on discovery of the forgery, he had returned the note to the defendant, although there had been no warranty. For as the defendant had promised to deliver a note of a certain description, it was a breach of promise to deliver a note not truly answering that description, unless the plaintiff had accepted it knowing that the indorsements were not genuine.

The rule, we think, is correctly laid down by Chancellor Kent, in a case similar in principle. " When goods are discovered not to answer the order given for them, or to be unsound, the purchaser ought immediately to return them to the vendor, and give him notice to take them back, and thereby rescind the contract ; or he will be presumed to acquiesce in the quality of the goods." 2 Kent Com. (3d ed.) 479, 480. It is clear, therefore, that the plaintiff cannot recover, unless he should be allowed to amend his declaration by counting on a sale of the note with warranty. And as the question has been argued, whether any warranty has been proved, we have considered that question.

In contracts of sales a warranty of title is implied. The vendor is always understood to affirm that the property he sells is his own. And this implied affirmation renders him responsible, if the title proves defective. This responsibility the vendor incurs, although the sale may be made in good faith, and in ignorance of the defect of his title. This rule of law is well established, and does not trench unreasonably upon the rule of the common law, *caveat emptor.* The possession of personal property is *primâ facie* evidence of title ; and in many cases it would be difficult, if not impossible, before the sale, to discover the defect of title. How far this rule of law applies to the present case, may perhaps admit of some doubt. It is, however, certain that the defendant had no title whatever, on the note, against the supposed indorsers ; and he had no legal title against the maker. He could not maintain an action upon it in his own name, although he might in the name of the nominal promisee

But we do not decide the case on this point — upon which we give no decided opinion — because we think, that from the evi-- dence reported, a warranty is to be inferred. The defendant's letter to the plaintiff, enclosing the note in question, appears to be an admission of the executory agreement, corresponding sub- stantially with the agreement set out in the special count. In this letter, the defendant expressly affirms that the note enclosed was "indorsed as proposed." This is an express affirmation that the note was indorsed as it purported to be, or in other words, that the indorsements were genuine. This affirmation was made when the contract of sale was consummated ; and it is a well settled principle of law, that an affirmation made by the vendor at the time of the sale amounts to a warranty, if it appears, on the evidence, to have been so intended. This doctrine was laid down by Lord *Holt*, in *Medina* v. *Stoughton*, 1 Salk. 210, and 1 Ld. Raym. 593, and has been uniformly adopted ever since. 3 T. R. 57. 20 Johns. 196. So also if the defendant's letter is considered as a description of the note sold, the result will be the same. The note is described as a note indorsed by George Whitney and D. M. Whitney, and was accepted as a note hus indorsed. This description is sufficient evidence of a war- ranty. This was fully established by the case of *Hastings* v. *Lovering*, 2 Pick. 214. That case was ably argued, and was decided after a careful examination of the authorities. The plaintiff there produced in evidence a sale note signed by the defendant, containing the words following : " Sold Mr. E. T. Hastings two thousand gallons prime quality winter oil "; and it was held that these words amounted to a warranty that the arti- cle sold agreed with the description.

The same principle is laid down by Lord *Ellenborough*, n *Gardiner* v. *Gray*, 4 Campb. 144, and in *Bridge* v. *Wain*, 1 Stark. R. 504. The case of *Higgins* v. *Livermore*, 14 Mass. 106, was decided on the same principle ; it being held that an insurance upon the Swedish brig Sophia amounted to a warranty that the vessel was Swedish. In *Bradford* v. *Manly*, 13 Mass. 139, it was held that a sale by sample is tantamount to an ex- press warranty that the sample is a true representative of the ar-

ticle sold.   So in *Gallagher* v. *Waring*, 9 Wend. 20, and *Beebee* v. *Robert*, 12 Wend. 413.

These cases establish a principle which we think decisive of the present case.

The plaintiff was at liberty either to restore the note to the defendant, or to retain it and resort to his action on the warranty. In the latter case, the measure of damages will be the difference between the amount of the note and its actual value, whatever that may be.

A new trial, therefore, will be granted, with liberty for the plaintiff to amend his declaration, by counting on the warranty ; he paying the defendant his costs of the former trial, and of the present term.