JOHN HENSHAW & others *vs.* HENRY ROBINS.

When a bill of parcels is given, upon a sale of goods, describing the goods, or designating them by a name well understood, such bill is to be considered as a warranty that the goods sold are what they are thus described or designated to be.   And this rule applies, though the goods are examined by the purchaser, at or before the sale, if they are so prepared, and present such an appearance, as to deceive skilful dealers.

ASSUMPSIT on an alleged warranty by the defendant, upon a sale of indigo by him to the plaintiffs.   The declaration also contained a count for money had and received.

At the trial in the court of common pleas, before *Warren*, J. it was agreed that the defendant, on and before the 9th of August 1843, was an auctioneer in Boston, doing business under the name of Thomas W. Sears & Co.; that for some days previous to said 9th of August, he had advertised for sale by public auction, at his store, on that day, sundry articles of merchandize, and, among others, " two cases of Manilla indigo, of superior quality; " that, previously to the sale, the cases containing the article thus described were opened, and a full opportunity given for their examination and inspection; that one of the plaintiffs, who were drug merchants in Boston, attended the sale on said 9th of August, and examined the article; that the two cases aforesaid were struck off to him, as the highest bidder therefor; that the same were

immediately delivered to him, with the following bill of parcels: "August 9, 1843. Henshaw & Co. bought of Thomas W. Sears & Co. two cases of indigo — $272·35;" and that the said cases were then paid for and taken away by the plaintiffs.

The plaintiffs then introduced evidence tending to show, that the article then paid for, and delivered to them, was not indigo, but was a substance composed as follows: Of Prussian blue seventy six parts, of the chromate of iron twenty parts, and of potash four parts; that the same was worthless for any purpose, and was not known in the market by the name of indigo, although an article, similar in appearance and equally worthless, which had been imported from Manilla, had once before been sold in Boston, by auction, as and for Manilla indigo.

It was agreed, that within a reasonable time after the said sale, and as soon as the plaintiffs discovered the true character of the said article, they returned it to the defendant, and demanded the amount which they had paid for it. It was also agreed, that the article in question was so prepared as to deceive skilful dealers in indigo; and that no fraud, or dishonorable or unfair conduct, was imputable to the defendant; that he was ignorant of the true character of the article sold by him; that he, in making the sale, acted as agent for the owner of the article; and that he defended this action, under the owner's instructions, and upon his responsibility.

The court instructed the jury, "that the bill of parcels, delivered by the defendant to the plaintiffs, contained a warranty that the article sold and delivered to them was indigo; and that, if the jury were satisfied that it was not indigo, nor known to merchants, nor in the market, as indigo; and that it was worthless; and that the plaintiffs, within a reasonable time after the sale, returned the article to the defendant, and demanded the price paid therefor; and if the article was so prepared, and presented such an appearance, as would deceive skilful dealers in indigo; the plaintiffs were entitled to a verdict for the sum paid by them." A verdict was returned for

the plaintiffs, and the defendant alleged exceptions to said instructions.

*Robins*, for the defendant. When there is an opportunity for the buyer to examine an article before the sale, and he makes an examination, there is no implied warranty that the article is what it is described to be in the bill of parcels. *Seixas* v. *Woods*, 2 Caines, 48. *Swett* v. *Colgate*, 20 Johns. 196. *Holden* v. *Dakin*, 4 Johns. 421. *Hart* v. *Wright*, 17 Wend. 267, and 18 Wend. 449.

In this Commonwealth, a bill of parcels is held to be a warranty that the article is what it is therein described to be, if the buyer had no opportunity to examine it ; and the cases have gone no further. *Winsor* v. *Lombard*, 18 Pick. 57. *Hogins* v. *Plympton*, 11 Pick. 97. *Hastings* v. *Lovering* 2 Pick. 220. And the fact that the article is so manufactured as to deceive good judges, seems not to alter the law of the case. *Welsh* v. *Carter*, 1 Wend. 190.

*Whiting*, for the plaintiffs. As a general rule, there is an implied warranty, aside from the bill of parcels, that manufactured articles are reasonably fit for the purposes for which they are bought, and are of the kind described. *Laing* v *Fidgeon*, 6 Taunt. 108. *Holcombe* v. *Hewson*, 2 Campb. 391. *Gardiner* v. *Gray*, 4 Campb. 144. *Bluett* v. *Osborne*, 1 Stark. R. 384. *Gray* v. *Cox*, 4 Barn. & Cres. 115. *Jones* v. *Bright*, 5 Bing. 533. *Brown* v. *Edgington*, 2 Scott N. R. 496. *Smith* v. *Marrable*, 11 Mees. & Welsb. 5. There is an exception to this rule, when an order is given for a specific chattel, which the buyer describes, erroneously believing that it will answer the purpose to which he means to put it, and the seller sends it, not knowing that it will not suit the buyer's purpose. *Chanter* v. *Hopkins*, 4 Mees. & Welsb. 399. There is, perhaps, another exception to the rule, when the fitness of an article for its intended use can be ascertained by inspection, and it is inspected by the buyer.

When there is a description of property, in an advertisement of the sale, or when a bill of sale or bill of parcels is made, there is a warranty that the articles are such as they

are therein described.   *Osgood* v. *Lewis*, 2 Har. & Gill, 495.
*Bradford* v. *Manly*, 13 Mass. 139.   *Shepherd* v. *Kain*, 5 Barn.
& Ald. 240.   *Flight* v. *Booth*, 1 Bing. N. R. 370.   *Winsor* v.
*Lombard*, 18 Pick. 60.   *Jones* v. *Edney*, 3 Campb. 285.   And
the judge ruled rightly, in the case at bar, that there was a
warranty, by the bill of parcels which was given at the sale,
and pursuant to the advertisement.   *Tye* v. *Fynmore*, 3 Campb.
462.   *Bridge* v. *Wain*, 1 Stark. R. 504.   *Borrekins* v. *Bevan*,
3 Rawle, 23.   *Yates* v. *Pym*, 6 Taunt. 446.   *Hastings* v.
*Lovering*, 2 Pick. 214.   2 Kent Com. (5th ed.) 479.

   In several of the cases above cited, there was an examina-
tion by the buyer; but this was not held to affect the liability
of the seller on the warranty implied in the written descrip-
tion of the articles sold.

   WILDE, J.   Upon the exceptions to the instructions given
by the court of common pleas, several questions have been
discussed by counsel, two only of which we deem material in
the decision of the case.   The first question is, whether when
a bill of parcels is given, upon a sale of goods, describing the
goods sold, or designating them by a name well understood,
such a bill is to be considered as a warranty that the goods
sold are what they are described or designated to be in the
bill.   The second question is, whether, if such a bill of par-
cels is generally to be so considered, the rule applies to cases
where the goods were examined by the vendee, at or before
the sale.   On both these questions there are conflicting decis-
ions.   But as to the first question, we consider the law of
this Commonwealth to be now well settled ; and, as it seems
to us, upon sound principles.

   In *Bradford* v. *Manly*, 13 Mass. 139, it was decided that a
sale by sample is tantamount to a warranty that the article
sold is of the same kind as the sample.   And Chief Justice
Parker, in delivering the opinion of the court, refers with
approbation to a decision, at *nisi prius*, of a case of a sale of
cocoa, which was advertised and offered for sale as Caraccas
cocoa ; and it was held that the advertisement was equal to
an express warranty.   The sample, in the principal case, being

a representation of the article sold, was considered as equivalent to the advertisement in the case referred to. The question was afterwards very fully considered, in the case of *Hastings* v. *Lovering*, 2 Pick. 214. In that case, it was held that the description of the article, inserted in a bill of parcels, or in a sale note, such as is used in England, was evidence that the thing sold was agreed to be such as represented, and amounted to a warranty to that effect. The words of the bill of parcels were, " sold E. T. Hastings two thousand gallons prime quality winter oil ; " and the plaintiff had judgment on a declaration in assumpsit on the warranty. The doctrine laid down in that case has ever since been considered as the settled law of this Commonwealth ; and it is in conformity with the modern decisions in England, Pennsylvania, and Maryland. The question was very fully considered in *Osgood* v. *Lewis*, 2 Har. & Gill, 495, and in *Borrekins* v. *Bevan*, 3 Rawle, 23. The principle maintained by these cases is, that the description contained in a bill of parcels of goods sold is evidence of the terms of the contract of sale, and so imports a warranty that the goods are the goods described, and that they substantially agree with the terms of the description. And in *Batturs* v. *Sellers & Patterson*, 5 Har. & Johns. 117, and 6 Har. & Johns. 249, it was decided that the bill of parcels, in that case, was written evidence of the contract, and could not be added to or varied by oral testimony. So in *Yates* v. *Pym*, 6 Taunt. 446, in an action on a sale note of " fifty eight bales of prime singed bacon," it was decided that the contract amounted to a warranty that it was prime singed bacon, and, being in writing, could not be added to by oral evidence. Whether these decisions are well founded as to the inadmissibility of oral testimony in such cases, we are not called upon to consider in the present case ; as no evidence was offered to control or vary the description in the bill of parcels. But we do hold, that the description in a bill of parcels imports a warranty, as before remarked. It is a representation and declaration that the article sold is the article described. And what is this but an express warranty to that

effect? To create an express warranty, the word warrant need not be used, nor is any precise form of expression necessary ; but every affirmation, at the time of the sale of personal chattels, amounts to a warranty. This seems to be now settled, notwithstanding the old case of *Chandelor* v. *Lopus*, Cro. Jac. 4, as to the sale of a bezoar stone, to the contrary. It was so decided in *Osgood* v. *Lewis*, and *Borrekins* v. *Bevan*, already cited, and in *Power* v. *Barham*, 4 Adolph. & Ellis, 473 ; in *Shepherd* v. *Kain*, 5 Barn. & Ald. 240 ; and in *Freeman* v. *Baker*, 2 Nev. & Man. 446. And even in New York, where, in other respects, the doctrine in *Chandelor* v. *Lopus* is adhered to, it has been held, nevertheless, that any representation of the thing sold, or direct affirmation of its quality and condition, showing an intention to warrant, is sufficient to amount to an express warranty. It was so decided in *Chapman* v. *Murch*, 19 Johns. 290, and in *Swett* v. *Colgate*, 20 Johns. 196. To the rule of construction laid down in these cases, it was objected by Chief Justice Gibson, who delivered a dissenting opinion in *Borrekins* v. *Bevan*, that such a principle would extend to loose conversations between the vendor and vendee, in which the vendor may praise his goods, or express any opinion as to their qualities. But it is quite clear, I apprehend, that no such conversations or opinions would or could be construed as amounting to a warranty. No expression of an opinion, however strong, would import a warranty. But if the vendor, at the time of the sale, affirms a fact, as to the essential qualities of his goods, in clear and definite language, and the purchaser buys on the faith of such affirmation, that, we think, is an express warranty. In the present case, the bill of parcels affirms the article sold to be indigo. This imports an express warranty, even according to the cases in Johnson before cited, if it was so intended. And it must be so understood, there being no evidence that it was not so intended. This case, therefore, and the cases above cited, differ essentially from the cases cited by the plaintiffs' counsel, where a warranty was implied on the ground that the article sold was saleable in the market, and fit and proper for the

purpose for which it was purchased. These two classes of cases depend on very different legal principles, as to the latter of which we do not intimate any opinion. This distinction is not noticed in the New York cases, where it has been held, that the description in a bill of parcels is no evidence of a warranty, either express or implied. Chancellor Kent, however, who delivered the opinion of a majority of the court, in *Seixas* v. *Woods*, 2 Caines, 48, the leading case in New York, expresses a doubt as to the correctness of that and subsequent decisions on this point. " There is no doubt of the general rule of law," he says, " as laid down in *Seixas* v. *Woods ;* and the only doubt is, whether it was well applied in that case, where there was a description in writing of the article sold by the vendor, which proved not to be correct, and from which a warranty might have been inferred." 2 Kent Com. (5th ed.) 479.

From a review of these authorities, we think the weight of authority is manifestly in favor of the law as established in this Commonwealth ; and it seems to us to be founded on sound principles. The plaintiff, therefore, is entitled to recover, unless, by the examination of the article purchased, he is to be considered as having waived his right to indemnity under the warranty. On this question also the authorities are conflicting. But we are of opinion that the examination of the article by the plaintiff, at the time of the sale, is no evidence of his intention to waive any legal right. If the spurious nature of the article might have been detected on inspection, it might have been otherwise ; but we must infer, from the instruction of the court, that the jury found that the article was so disguised that the deception could not have been detected by a skilful dealer in indigo, without resorting to an analytical experiment ; so that no neglect can be imputed to the plaintiff in not making a careful examination. In *Bradford* v. *Manly*, before referred to, the cocoa was examined by the purchaser before the sale, and yet the vendor was held liable on his warranty. And the like decision was had in *Tye* v. *Fynmore*, 3 Campb. 462. That was assumpsit on a sale note

8 *

of " two tons of fair merchantable sassafras wood, in logs, at six guineas per hundred weight." The defendant was a druggist, and well skilled in articles of that sort, and the day before the sale, a specimen of the wood sold was exhibited to him, and he kept it the following night, and had a full opportunity to examine it. And upon this evidence, Lord Ellenborough decided that it was immaterial that the defendant, the vendee, was a druggist, and skilled in the nature of medicinal woods. He was not bound to exercise his skill, having an express undertaking from the vendor as to the quality of the commodity. This is a very strong case on this point. So also is the case of *Shepherd* v. *Kain,* 5 Barn. & Ald. 240. In that case, the question depended on an advertisement of the sale of a vessel, in which she was described as a copper-fastened vessel, but with these words subjoined; " the vessel, with her stores, as she now lies, to be taken with all faults, without allowance for any defects whatsoever." The vessel, when sold, was only partially copper-fastened, and she was not what was called in the trade a copper-fastened vessel. The buyer, however, had a full opportunity of examining the vessel before the sale. Upon these facts, it was determined that the purchaser was entitled to damages, in an action upon the warranty, and that the words " with all faults " could only mean all faults which a copper-fastened vessel might have.

Opposed to these authorities are the cases in New York; but these were determined on the assumption that there was no warranty, express or implied, and they, therefore, have no bearing on the question as to the effect of the inspection of the goods sold by the purchaser.

We are therefore of opinion that the plaintiff is well entitled to judgment. Indeed, he would be entitled to recover by the law as it is held in New York; for, according to all the authorities, he had a right to rescind the contract. And, as he has returned the article purchased, he might recover in this action, on the count for money had and received, if there had been no warranty. We have, however, no doubt that the plaintiff is entitled to recover upon the count on the war-

ranty, and that the instructions to the jury were in all respects correct. The exceptions, therefore, are overruled, and judgment is to be entered on the verdict.