## SUMNER *v.* TYSON.

Evidence of a custom of manufacturers of iron castings to warrant the quality of the articles made by them, without an express contract to that effect, is admissible in an action founded on such supposed warranty.

Evidence that such was the custom at three different establishments, without proof that a contrary usage obtained at others in the vicinity, is sufficient to authorize the jury to find such to be the general custom.

ASSUMPSIT. The declaration alleged that defendant, on the first of June, 1844, in consideration that the plaintiff, at his request, would buy of him certain plow castings, at a certain price, to wit, &c., agreed that the said castings were good; that he did buy the castings and pay for them, and that they were not good, were brittle, and of no use

or value, &c.   Upon the general issue the plaintiff offered evidence tending to show that it was the custom of all the manufacturers of iron castings, in this quarter, to warrant the goodness of the articles made by them, without any express warranty, and to make good any deficiency, and that it was always so understood.

It appeared that the defendant transacted his business at Plymouth, Vermont.   The witnesses who testified that there was such custom to warrant the goodness of the articles cast, professed to know the custom to exist at Franconia, N. H., and at Barnet and St. Johnsbury, Vt., only.

The defendant excepted to the evidence, but the court admitted it.

The jury found a verdict for the plaintiff, and the defendant moved that the verdict may be set aside, and a new trial granted upon the said exception.

*Bellows*, for the plaintiff.

*Cooper*, for the defendant.

WOODS, J.   This case presents the question of the admissibility of evidence of the usage of a particular trade, to raise the presumption of a contract.   The rule is laid down in Starkie on Evidence, Part IV. 453, that " where parties have not entered into any express or specific contract, a presumption, nevertheless, arises that they meant to contract and to deal according to the general usage, practice and understanding, if any such exist in relation to the subject matter."   And, " where an agreement between parties is general or doubtful, the custom and usage in the country in which it was made are frequently evidence of the terms upon which the parties meant to contract; for in the one case their silence raises a presumption that they intended to be governed by the usual course of

dealing in such cases prevalent in the neighborhood, and in the latter it is reasonable to suppose that they intended to use the dubious term in that sense in which it is generally understood, either in the neighborhood or in the particular course and habit of dealing to which the agreement relates." Evidence of the usage of a single individual has, upon the same grounds, been admitted to aid in the construction or qualification of a contract, where such usage has been known to the other party. *Loring* v. *Gurney*, 5 Pick. 17.

Many illustrations of the rule are to be found in the books. Where a ship is warranted to depart with convoy, parol evidence is admitted to show at what place convoy is usually taken for such a voyage, and to that place the parties are presumed to refer. 1 Gr. Ev., sec. 292. A tenant from year to year is bound to manage the land in a husbandlike manner, according to the custom of the country. *Powley* v. *Walker*, 5 T. R. 373.

Parol evidence of custom or usage is admissible also to "annex incidents," as it is termed; that is, to show what things are customarily incident to the principal thing which is the subject of the contract, or to which the instrument relates. A lessee may show that, by the custom of the country, he is entitled to the away-going crop, though no such right is reserved in the lease; so also that a heriot is due by custom on the death of a tenant for life, though not expressed in the lease. 1 Gr. Ev., ub. sup.; 2 Sumner 567; *Lowry* v. *Russell*, 8 Pick. 360.

The custom or usage must be a reasonable one, not contrary to law, and cannot prevail against the terms of the contract. *Homer* v. *Dorr*, 10 Mass. 26; *Lewis* v. *Thacher*, 15 Mass. 431.

The defendant sold to the plaintiffs in this case a quantity of iron castings, and received for them the stipulated price. To such a transaction the law annexes no implied stipulation on the part of the vendor, who is also the man-

ufacturer, that the articles shall be good and merchantable, but devolves upon the purchaser the burden of ascertaining their quality from inspection, or insuring it by an express contract. The former is impracticable, from the nature of the material, and no express contract of warranty is shown. It was clearly proper for the plaintiff to prove a warranty, by showing that by the custom of the country such a contract attached to the sale of articles of this nature. Such a custom cannot be deemed contrary to law, and is the more reasonable as taking the place of the only protection which the purchaser can have against the fraud or unskillfulness of the manufacturers of commodities whose qualities are not open to any inspection.

Nor does the proof of such usage vary or contravene the terms of the general contract of sale. It merely establishes a supplementary stipulation, perfectly consistent with the principal one.

The evidence of the usage was sufficient to be submitted to the jury, and to authorize them to return a verdict founded upon it. Had there been any evidence that the usage was not adopted and followed by other establishments, a question upon the evidence might have arisen, similar to that which is discussed in the case of *Parrott* v. *Thacher*, 9 Pick. 426. But here is evidence tending to show the usage to be general, and is met by none which limits its range.

*Judgment on the verdict.*