## Case No. 11,556.

### RANDALL et al. v. RHODES et al.

[1 Curt. 90.] [1]

Circuit Court, D. Rhode Island. Nov. Term, 1851.

SALE—PRIOR REPRESENTATIONS—MEMORANDUM OF SALE—WARRANTY.

1. If a representation is made in the course of a negotiation for a sale, and the contract of sale is afterwards reduced to writing and signed, and does not contain the representation, it is excluded from the contract, and does not amount to a warranty.

[Cited in Buchtel v. Mason Lumber Co., Case No. 2,077; Ottawa Bottle & Flint Glass Co. v. Gunther, 31 Fed. 211.]

2. Where a writing was signed, which stated that a sale had been made, and described the article sold, and the price and terms of credit, it was *held* to be the written contract of sale; and that representations in letters, written before the making of the contract, and not referred to therein, could not be received to prove a warranty.

[Cited in Conant v. National State Bank, 121 Ind. 326, 22 N. E. 250; Cushing v. Rice, 46 Me. 310. Cited in brief in Richards v. Fuller, 37 Mich. 163.]

· This was an action of assumpsit, founded on a warranty that a vessel, called the Baltic, was built mostly of white oak timber. It appeared that, in July, 1851, negotiations for a sale of the vessel were had between the parties, through the agency of W. W. Brown, a ship-broker, who was originally employed by the plaintiffs, but was subsequently authorized by the defendants to make a sale, at a price fixed by them. While the negotiations were going on, Brown wrote to the plaintiffs several letters, one of which contained a representation that the vessel was built mostly of white oak timber. The plaintiffs applied for permission to bore the vessel, to ascertain her materials and their soundness, but the defendants refused to allow this to be done. On the 12th of July, 1851, the sale was agreed on, and the defendants signed a written memorandum, which was as follows:—"Providence, July 12, 1851. We have sold to Randall & Stead, this day, through W. Whipple Brown, the bark Baltic, now at East Boston,

[1] [Reported by Hon. B. R. Curtis, Circuit Justice.]

for twelve thousand eight hundred dollars, to be paid next Tuesday, as follows: twenty-five hundred dollars cash, their note, thirty days, interest added, for five thousand one hundred and fifty dollars, indorsed by Thomas J. Stead, of this city, and their note for five thousand one hundred and fifty dollars, interest added, sixty days, indorsed by Thomas J. Stead. Full packages of beef, pork, bread, and flour are to be taken out by the owners, all other small stores belonging with the vessel. (Signed) J. & P. Rhodes." A corresponding paper, setting forth the purchase, was signed by the plaintiffs. The breach relied on was, that only a small part of the frame of the bark was found, on examination, to be white oak.

Ames & Jenckes, for plaintiffs.
Carpenter & Bradley, for defendants.

CURTIS, Circuit Justice. There is no doubt that a representation, intended by the vendor as a warranty, and acted on as such by the vendee, amounts in law to a warranty; and it is also well settled that such representation so operates, although made during the treaty for a sale, and some days before the sale was finally agreed upon, if it appear that it was not withdrawn, and the contract of sale did not exclude it from its terms. But the question now presented is, whether the representation relied on was not excluded from the contract of sale, so as to form no part thereof. It is not contained in the written memorandum, signed by the defendants. Now, the general rule is that, when negotiations have terminated in a written contract, the parties thereby tacitly affirm that such writing contains the whole contract, and no new terms are allowed to be added to it by extraneous evidence. But it is argued that this memorandum is not the written contract of sale; that it contains only a statement of the fact that a sale has been made, and a description of the thing sold, the price and terms of credit. But this is all that is necessary to make a complete contract of sale; and to assume that any thing more existed, and allow it to be shown, would violate the rule above stated. It is true that, in Bradford v. Manly, 13 Mass. 139, and Hastings v. Lovering, 2 Pick. 214, it was held, that a bill of parcels was not the contract of sale, it being intended, as the court says, in the first of those cases, only as a receipt for the price, and not to show the terms of the bargain. But here the writing could not have been intended for a receipt, and must have been intended to set forth, what it does set forth, a contract of sale; and, if so, it must be taken to embrace the whole contract, and consequently a warranty was not one of its terms.

It is argued that the reference to Brown, contained in the contract, may be sufficient to incorporate into it the letters which he wrote in the course of his agency, and which led to the making of the contract. These let-

ters might have been so referred to as to make their contents part of the contract; but to have this effect, the contract must show that such was the intention of the parties. This intention does not appear by the reference to Brown's agency. The natural meaning of that reference is, only that Brown was the agent through whom the contract of sale, shown by the writing, was negotiated. There is nothing to show that the parties agreed to make all he had done and said part of the contract.

I am of opinion that the plaintiffs are not entitled to recover; and, unless they elect to become nonsuit, the jury will be directed accordingly. See Lamb v. Crafts, 12 Metc. [Mass.] 354.

The district judge concurred in the opinion, and the plaintiffs became nonsuit.