GEORGE P. BRYANT *vs.* CHARLES H. ISBURGH.

A breach of an express warranty of soundness upon the sale of a horse authorizes the purchaser to rescind the contract and return the horse, although there was no express agreement to that effect, and no fraud.

ACTION OF CONTRACT to recover the price of a horse sold and delivered to the defendant by the plaintiff. Answer, that the plaintiff warranted the horse to be sound at the time of the sale; that the horse proved to be unsound, and was returned to the plaintiff. The plaintiff did not receive the horse back, but declined to do so.

At the trial in the court of common pleas at December term 1858, the defendant asked the court to instruct the jury, " that if they should find from the evidence that a warranty was given at the time of the sale, and that there had been a breach of such warranty, the defendant would have a right to return the horse and rescind the contract, and that under such a state of facts they should return a verdict for the defendant."

But *Mellen,* C. J. refused to give the instructions asked for, and instructed the jury, "that the defendant had no right to return the horse and rescind the contract, in the absence of fraud on the part of the plaintiff, unless such were given by the terms of the contract; but that his proper remedy was an action for damages for the breach of warranty;" and "that if they should find there was a warranty and a breach of the same, they should then determine how much less the horse was worth by reason of the unsoundness, and deduct the sum so determined from the contract price, and return a verdict only for the balance." A verdict was returned for the plaintiff, with a deduction from the contract price of the horse; and the defendant alleged exceptions.

*D. Foster & G. W. Baldwin,* for the defendant. The pur chaser of a horse, sold with a warranty of his soundness, has, even in the absence of fraud or an express agreement that he may do so, the right to rescind the contract and return the horse, for a breach of the warranty, when the consideration has not been paid. The Massachusetts decisions expressly assert this rule. *Kimball* v. *Cunningham,* 4 Mass. 502. *Conner* v. *Henderson,* 15 Mass. 319. *Bradford* v. *Manly,* 13 Mass. 139. *Perley* v. *Balch,* 23 Pick. 283. *Coolidge* v. *Brigham,* 1 Met. 547. *Clark* v. *Baker,* 5 Met. 452. *Henshaw* v. *Robins,* 9 Met. 83. *Dorr* v. *Fisher,* 1 Cush. 274. *Douglass Axe Manuf. Co.* v. *Gardner,* 10 Cush. 88. It is also supported by adjudged cases in several states, and by many books of authority. *Marston* v. *Knight,* 29 Maine, 344. *Reed* v. *Prentiss,* 1 N. H. 176. *Hyatt* v *Boyle,* 5 Gill & Johns. 121. *Franklin* v. *Long,* 7 Gill & Johns 407. *Melancon* v. *Robichaux,* 17 Louisiana, 101. 1 Dane Ab 177. 2 Kent Com. (6th ed.) 480. 2 Stark. Ev. (1st Amer. ed.)

645. 1 Parsons on Con. 474. 2 Chit. Pl. (6th Amer. ed.) 100, 276, & notes. Story on Sales, § 422, note.

It was the rule in England prior to 1831. *Towers* v. *Barrett,* 1 T. R. 136. *Buchanan* v. *Parnshaw,* 2 T. R. 745. *Fielder* v. *Starkin,* 1 H. Bl. 17. *Curtis* v. *Hannay,* 3 Esp. R. 82. *Caswell* v. *Coare,* 1 Taunt. 566. The English cases, prior to *Street* v. *Blay,* 2 B. & A1. 456, which seem unfavorable to the right of rescission, relate merely to the form of the action, and go on the ground that general assumpsit for money paid cannot be maintained, because it gives the defendant no notice that a question of warranty is to be tried. *Power* v. *Wells,* 1 Doug. 24, note, and Cowp. 818. *Stuart* v. *Wilkins,* 1 Doug. 18. *Weston* v. *Downes,* 1 Doug. 23. *Longchamp* v. *Kenny,* 1 Doug. 137. *Hulle* v. *Heightman,* 2 East, 147. *Payne* v. *Whale,* 7 East, 274. *Lewis* v. *Cosgrave,* 2 Taunt. 2. *Solomon* v. *Turner,* 1 Stark. R. 51 *Emanuel* v. *Dane,* 3 Campb. 299. *Thornton* v. *Wynn,* 12 Wheat. 188. But in the present case the consideration has not been paid, and the defence is interposed as an answer to an action to recover the agreed price, so that the reason of this objection fails.

The modern English cases, and other recent cases, which have denied the right to rescind, all follow the case of *Street* v. *Blay,* 2 B. & Ad. 456, in which the question was not necessarily raised, and the remarks of the court were mere *obiter dicta,* because the vendee had himself sold the property without warranty and repurchased it at a profit, so that the right of rescission was of course lost. In England, the courts have followed these *dicta* so far as to deny the right of rescission in cases of sale by sample, in which the rule in this state is clearly otherwise. *Dawson* v. *Collis,* 10 C. B. 523. The tendency of the courts of New York is the same. *Muller* v. *Eno,* 4 Kernan, 597.

The right of rescission is admitted to exist where there is fraud, or actual knowledge of the untruth of the warranty. But an express warranty renders the knowledge of the vendor immaterial, as is shown by the old form of declaring upon a breach of warranty in an action on the case for a deceit, where, if

there was an express warranty, a *scienter* need not be laid ; or, if alleged, need not be proved. *Salem India Rubber Co.* v. *Adams*, 23 Pick. 264. *Williamson* v. *Allison*, 2 East, 447. The reason given for introducing the form of declaring in assumpsit for a breach of warranty was, the convenience of adding the money counts.

That an action for damages is not an adequate remedy is obvious ; because the warrantor may be insolvent, or the article purchased may be wholly useless to the purchaser, by reason of the defect.

The right to rescind a contract is the only adequate remedy to the party injured, and avoids circuity of action. It should therefore be allowed wherever the purchaser can say, " The article which you have sold me is not that which you pretended to sell, or I intended to buy."

Wherever there is a right to return, an offer to return is sufficient. *Thayer* v. *Turner*, 8 Met. 550.

*P. C. Bacon & P. E. Aldrich*, for the plaintiff. The ruling of the court of common pleas was according to the weight of authority, and the practice of business men. There is no adjudication in this state to the contrary ; and this court should therefore establish harmony and convenience by adopting the rule established in England and New York, that where there is no sale by sample, or for a special purpose, no fraud, and no stipulation that the chattel may be returned, the purchaser cannot, at his option, rescind the contract. *Thornton* v. *Wynn*, 12 Wheat. 183. *Voorhees* v. *Earl*, 2 Hill, (N. Y.) 288. *Cary* v. *Gruman*, 4 Hill, 625. *Freeman* v. *Clute*, 3 Barb. 424. *Kase* v. *John*, 10 Watts, 107. *West* v. *Cutting*, 19 Verm. 536. *Perley* v. *Balch*, 23 Pick. 283. Parsons Merc. Law, 58. Sedgwick on Damages, (3d ed.) 286. 2 Smith's Lead. Cas. 15, note to *Cutter* v. *Powell. Street* v. *Blay*, 2 B. & Ad. 456. *Dawson* v. *Collis*, 10 C. B. 523.

Where there is no fraud, the understanding of the parties is, that the purchaser shall have the seller's liability if the chattel does not correspond to the warranty. The right of rescission, contended for by the defendant, is unfounded in principle, and

would often operate inconveniently and unjustly in practice, especially in important commercial transactions; as in the case of a large sale of goods, sent to a distance, and returned, after the market price has varied, for a breach of warranty in a matter of inconsiderable importance.

This case was decided at Boston in June 1860.

METCALF, J. The precise question in this case is, whether a purchaser of personal property, sold to him with an express warranty, and taken into possession by him, can rescind the contract and return the property, for breach of the warranty, when there is no fraud, and no express agreement that he may do so. It appears from the cases cited for the plaintiff that in the English courts, and in some of the courts in this country, he cannot; and that his only remedy is on the warranty. See also 2 Steph. N. P. 1296; Addison on Con. (2d Amer. ed.) 272; Oliphant's Law of Horses, 88; *Cripps* v. *Smith,* 3 Irish Law R. 277.

But we are of opinion (notwithstanding a *dictum* of Parsons, C. J. in *Kimball* v. *Cunningham,* 4 Mass. 505) that, by the law of this commonwealth, as understood and practised upon for more than forty years, there is no such difference between the effect of an implied and an express warranty as deprives a purchaser of any legal right of rescission under the latter, which he has under the former; and that he to whom property is sold with express warranty, as well as he to whom it is sold with an implied warranty, may rescind the contract for breach of warranty, by a seasonable return of the property, and thus entitle himself to a full defence to a suit brought against him for the price of the property, or to an action against the seller to recover back the price, if it have been paid to him. In *Bradford* v. *Manly,* 13 Mass. 139, where it was decided that a sale by sample was tantamount to an express warranty that the sample was a true representative of the kind of thing sold, (and in which case there was no fraud,) Chief Justice Parker said " If a different thing is delivered, he " (the seller) " does not perform his contract, and must pay the difference, or receive the thing back and rescind the bargain, if it is offered him." This, it is true, was only a *dictum,* and not to be regarded as a decisive

authority. But in *Perley* v. *Balch*, 23 Pick. 283, which was an action on a promissory note given for the price of an ox sold to the defendant, it was adjudged that the jury were rightly instructed that if, on the sale of the ox, there was fraud, *or an express warranty and a breach of it*, the defendant might avoid the contract by returning the ox within a reasonable time, and that this would be a defence to the action. In *Dorr* v. *Fisher*, 1 Cush. 274, it was said by Shaw, C. J., that, " to avoid circuity of action, a warranty may be treated as a condition subsequent, at the election of the vendee, who may, upon a breach thereof, rescind the contract and recover back the amount of his purchase money, as in case of fraud. But if he does this, he must first return the property sold, or do everything in his power requisite to a complete restoration of the property to the vendor ; and without this he cannot recover." The chief justice took no distinction between an express warranty and an implied one, but referred, in support of what he had said, (with other cases,) to *Perley* v. *Balch*, cited above.

In 1816, when the case of *Bradford* v. *Manly* was before this court, and afterwards, until 1831, the law of England, on the point raised in the present case, was supposed to be as we now hold it to be here. Lord Eldon had said, in *Curtis* v. *Hannay*, 3 Esp. R. 82, that he took it to be " clear law ; " and so it was laid down in 2 Selw. N. P. (1st ed.) 586, in 1807, and in Long on Sales, 125, 126, in 1821, and in 2 Stark. Ev. (1st ed.) 645, in 1825. In 1831, in *Street* v. *Blay*, 2 B. &´ Ad. 461, Lord Eldon's opinion was first denied, and a contrary opinion expressed by the court of king's bench. Yet our court subsequently (in 1839) decided the case of *Perley* v. *Balch*. The doctrine of that decision prevents circuity of action and multiplicity of suits, and, at the same time, accomplishes all the ends of justice.

*Exceptions sustained.*