*Municipal Court of the City of Boston*

No. 338272

**BOSTON CARBONIC GAS CO.**

**v.**

**JACOB H. WOOLF**

(November 6, 1952)

*Adlow, J.* Action of contract to recover purchase price of a rebuilt carbonator. There was

[79]

evidence that on September 9, 1951 one Emanuel Isenberg, a salesman of the Boston Carbonic Gas Company, called at the place of business of Jacob H. Woolf, the defendant, and discussed with him the sale of a rebuilt carbonator. At the close of their discussion a document was drawn up, the pertinent portion of which recited the following:

"This letter will serve as an agreement between you and the Boston Carbonic Gas Company.

We will deliver as soon as possible at the above address one (1) Rebuilt Leader automatic carbonator, which we guarantee for 2 years from the date of installation against original defects. This machine will supply your soda fountain with soda water, and at all times during the above period we will take care of this machine to see that it is in good running order.

The price of this machine is $150.00.

Terms: Cash $10.00 on delivery. None the day of installation, the balance of $140.00 in 14 monthly notes.

Accepted By Jacob H. Woolf

(Signed) Boston Carbonic Gas Co.

By Emanuel Isenberg."

There was evidence that shortly after the execution of the above agreement, the plaintiff's truckman delivered the carbonator at the defendant's place of business; that the defendant was busy at the time the carbonator was unloaded and did not examine it; that the truckman requested the $10.00 deposit which was due and payable at the time of delivery; and that the defendant without seeing the carbonator gave him the $10.00. Shortly thereafter the defendant examined the carbonator, immediately called the plaintiff's place of business and left word that the carbonator was not what it had been represented to be and that he wanted him to send his truck to take it back.

During the trial the defendant was permitted to testify *de bene* over the objection of the plain-

tiff that the salesman of the plaintiff had represented to him that the rebuilt carbonator was no more than 2 or 3 years old and was as good as new. The defendant also testified that the carbonator that was delivered to him was about 30 years old and that he immediately notified the plaintiff that he would not accept it and called upon him to take it back. The court denied the plaintiff's motion to strike out the evidence that had been admitted *de bene,* and to the refusal of the court to do this the plaintiff claimed a report.

Two issues of law are raised by this report. The first concerns the propriety of the court's ruling with respect to admitting oral evidence to explain the written order; the second concerns the propriety of the court's refusal to rule as requested by the plaintiff that the defendant had not done all that was required of him by law to properly rescind the transaction.

At the outset it should be noted that the confused and lengthy report before this court ignores the limited function of an Appellate Division in the disposition of reported cases.

G. L. 231, § 108.

The apparent insistence of the parties, or one of them, in having reported what appears to be a verbatim account of the trial reveals a complete misapprehension with respect to the nature of reports and of questions that can be raised by them. *Boston* v. *Benson,* 12 Cush. 61, 62, Rule 29 of the Municipal Court of the City of Boston (1940).

Confining ourselves to the questions of law, there was no error in permitting oral evidence to explain the written order. An agreement to deliver "one (1) Rebuilt Leader automatic carbonator" is vague and indefinite. Unless explained by the conversations preceding the execution of the writing, performance could be predicated on the delivery of a Rebuilt Leader carbonator of any

age. Where the employment of generic terms creates an ambiguity, oral evidence will be permitted in order to identify the subject-matter of the transaction. *Bradford* v. *Manly*, 13 Mass. 139; *Hogins* v. *Plympton*, 11 Pick. 97; *Stoops* v. *Smith*, 100 Mass. 63, 66.

Having found that the defendant was justified in refusing to accept the carbonator that was delivered to him, and that the defendant notified the plaintiff to this effect within a reasonable time and called upon him to remove same, the court properly refused to rule as requested by the plaintiff that the defendant failed to do what was required of him to rescind the transaction. Under G. L. c. 106, § 39, the defendant was not bound to return the goods to the seller.

Report dismissed.

Harry B. Zonis, for the Plaintiff.

Robert A. Goldberg, for the Defendant.